Nov. Term, 1846.

ROBERTS v. WARD.

---

## ROBERTS v. WARD.

The defendant is not entitled to a continuance on account of amendments of the declaration not affecting the merits.

Slander. It appeared that other actionable words besides those laid in the declaration, had, though objected to, been given in evidence. *Held*, that the evidence of such other words was admissible to show malice; and that it would be presumed, the contrary not appearing, that the evidence had been admitted for that purpose, or that the jury had been properly instructed as to the effect of the evidence.

Instructions to the jury are no part of the record unless made so by a bill of exceptions.

ERROR to the *Delaware* Circuit Court.

PERKINS, J.—This is an action on the case for slander. The declaration contains but one count. The slanderous charge alleged in it is perjury. There are several sets of words charged, some of which are actionable *per se*, and some only by reference to a judicial proceeding. The pleas were, the general issue and justification. There was a replication to the plea of justification, concluding to the country. The issues were submitted to a jury, who returned a verdict for the plaintiff of 425 dollars, upon which verdict judgment was rendered.

Wednesday, January 27, 1847.

Nov. Term,
1846.

ROBERTS
v.
WARD.

Two errors are assigned: 1. The refusal of a continuance; 2. The admission of testimony said to be illegal.

The continuance was claimed on the ground of amendments made to the declaration. The amendments were in that part of the declaration which sets forth a judicial proceeding, by way of inducement, to show the actionable character of certain sets of the words charged, and are shown in the following extract: " And whereas, also, before the committing of the several grievances by the said defendant as in this declaration hereinafter mentioned [ to wit, on the 11th of *November*, 1843], a certain action had been depending in the Court of *Aaron Mote*, Esq., one of the justices of the peace within and for the county aforesaid, wherein one *Leonard Cline* was plaintiff and one *Edward Ward* was defendant [which said action came on to be tried and was tried on the day and year aforesaid], and on such trial, the said plaintiff was examined on oath," &c. The parts of the foregoing extract included in brackets, are the amendments added to the declaration. We do not think they are such as entitled the defendant to a continuance. 1 Chitt. Pl. 291.—*M'Kinney* v. *Harter*, 7 Blackf. 385.

The evidence, the admission of which is complained of, is stated in the bill of exceptions as follows: " The plaintiff having proved by one witness, one set of the actionable words laid in the declaration, offered to prove by another witness introduced, the other sets of actionable words laid therein, though spoken at a different time and in a different conversation from the words testified to by the first witness, to which proof the defendant objected, but the Court overruled the objection and permitted the proof to be made," &c. As there is but one count in the declaration, and the different sets of words laid therein are all charged to have been spoken at one time and in one conversation, the defendant contends that those sets of words spoken at a different time and in a different conversation, from the time and the conversation first proved by the plaintiff on the trial of this suit, constitute another cause of action, and were, for that reason, inadmissible in evidence in this suit. Slanderous words, constituting separate causes of action from any embraced by the present suit, might have been given in evidence on its trial, to show

malice in the defendant in speaking the words for which damages were properly recoverable in this suit. *Schoonover v. Rowe*, 7 Blackf. 202, and note. The evidence admitted over the defendant's objection in this case, then, was properly admissible for that purpose; and as the record does not show us for what purpose it was given, we presume, the contrary not appearing, it was for a legal one, or that the Court properly instructed the jury as to the effect to be given to it.

Objection is made to some instructions copied by the clerk into the record, but as they are not made a part thereof by bill of exceptions, we cannot notice them.

*Per Curiam.*—The judgment is affirmed with two *per cent.* damages and costs.

*W. Quarles* and *J. H. Bradley*, for the plaintiff.

*O. H. Smith*, *T. J. Sample*, and *J. Smith*, for the defendant.