## WILSON v. BEIGHLER AND WIFE.

In slander, the material inquiry is, what is the plain and natural import of the language used, and how was it understood, and what idea was it adapted to convey to those who heard it?

To say of a woman, that she had given birth to a child, without any explanatory averments, as that she was an unmarried woman, at the time of the alleged birth of the child, or that the persons to whom the words were spoken, had knowledge of that fact, or that the hearers understood the language used, as conveying a charge of bastardy, or imputed a want of chastity, are not actionable *per se.*

Where, in an action for slanderous words, the petition alleged, that "the plaintiff hitherto being, and still is, an unmarried female, of good character and standing in society, never having been guilty of any act of indecency, or deviated from the true path of chastity, the female defendant, on the 15th day of July, 1854, and on divers days since, and in the presence and hearing of divers good citizens, wickedly, falsely and maliciously, with intent to injure the reputation and standing of the plaintiff, spoke and published of and concerning the plaintiff, the false, scandalous and defamatory words following: 'She (meaning the plaintiff,) had a child in Indiana,' thereby meaning that she, the plaintiff, had been delivered of a bastard child, and was an unchaste woman," which petition was demurred to, and the demurrer sustained by the court: *Held,* That the demurrer was properly sustained.

### *Appeal from the Polk District Court.*

SLANDER, for speaking and publishing of the plaintiff, the words following: "She had a child in Indiana." The petition was demurred to, on the ground that the words charged, were not actionable *per se,* and no special damage was alleged. The demurrer was sustained, and the plaintiff appeals.

*Samuel A. Rice,* for the appellant.

The words charged accuse the plaintiff, she being unmarried, with having a bastard child in Indiana. Are these words actionable? We say they are. They charge the plaintiff with a crime under the laws of this state. Code, § 2709. They charge her with an offence under the laws of Indiana. 1 Am. Lead. Cas. 116; Stat. of Indiana, 1823, 296; *Alkorn* v. *Hooker,* 7 Blackf. 58; *Worth* v. *Butler,* 7 Ib. 251; *Shields* v. *Cunningham,* 7 Ib. 258.

The words charged are actionable, though they do not charge an offence against the laws of this state, but with an offence against the laws of Indiana, and committed therein. *Stout* v. *Wood,* 1 Blackf. 71; 1 Ib. 400; 1 Am. Lead. Cas. 122; 5 Barr, 372; 14 Johns. 233; 3 Harrington, 372. The words are actionable *per se. Cox et ux.* v. *Bunker et ux.,* Morris, 268; *Dailey* v. *Reynolds,* 4 G. Greene, 354; *Abrams* v. *Foshee and Wife,* 3 Iowa, 274; *Smith* v. *Silence, ante* 321; *Goodenow* v. *Tappen,* 1 Ohio, 60; *Sexton* v. *Todd,* Wright, 371; *Wilson* v. *Runyon,* Wright, 651; *Malone* v. *Stewart,* 15 Ohio, 319.

*J. M. Elwood,* for the appellees.

1. Words imputing want of chastity are not actionable at common law. *Brooker* v. *Coffin,* 5 Johns. 188; Graham's Practice, 2d ed., 86; *Chase* v. *Whitlock,* 3 Hill, 139; 2 Starkie's Evidence, 9; *Buys* v. *Gillespie,* 2 Johns. 115; *Bradt* v. *Towsley,* 13 Wend. 253; *Olmstead* v. *Miller,* 1 Wend. 507; *Elliott* v. *Ailesberry,* 2 Bibb, 473; *McGee* v. *Wilson,* Littell's Selected Cases, 188; *Burtch* v. *Nickerson,* 1 American Lead. Cases, 107; *Beach* v. *Ranney,* 2 Hill, (N. Y.) 309; *Stout* v. *Wood,* 1 Blackford, 71.

2. The words impute no offence, under section 2709 of the Code. That only punishes cohabitation—cohabitation being of the essence of the offence. Webster defines the term cohabit to mean: " *To dwell or live together as husband and wife usually, or often applied to persons not legally married.*"

3. The words charged impute bastardy in the state of Indiana, and the petition should allege that the words im-

pute a crime in the state of Indiana.   Without this allegation, the petition is clearly demurrable.   *Stout* v. *Wood*, 1 Blackford, 71.

4. The demurrer clearly reaches this question.   The words, as alleged, do not impute a crime, nor allege any special damage.   The petition must state every material fact which the plaintiff would be bound to prove in order to recover.   She would be bound to prove that by the laws of Indiana, the words spoken of her imputed a crime ; and she is equally bound to allege that it was a crime by the statutes of that state.

WRIGHT, C. J.—The petition does not allege special damages resulting from the speaking of the words by defendants, and the only question made is, are those charged, action-able *per se?*   The petition avers " that the plaintiff hitherto being, and is still, an unmarried female of good character and standing in society, never having been guilty of any act of indecency, or deviated from the true path of chastity, the defendant, Magdalena Beighler, to wit, on the 15th day of July, 1854, and on divers days since, and in the presence and hearing of divers good citizens, wickedly, falsely and maliciously, with intent to injure the reputation and standing of the plaintiff, spoke and published of and concerning the plaintiff, these false, scandalous and defamatory words following : ' she (meaning the plaintiff,) had a child in Indiana,' thereby meaning that she, the plaintiff, had been delivered of a bastard child, and was an unchaste woman.''

Assuming that under proper averments the words charged would be actionable, we are nevertheless of the opinion that the demurrer in this case was properly sustained.   The material inquiry is, what is the plain and natural import of the language used by the defendants, and how was it understood, and what idea was it adapted to convey to those who heard it?   *Truman and Wife* v. *Taylor and Wife*, *ante*, 424. To this there can be but one answer, and that is, that the plaintiff *had given birth to a child*, a charge which of itself, unaided by any explanatory circumstances, would scarcely be action-

able, as imputing a want of chastity.  To give the words an actionable meaning, and an import other and different from the plain and natural one, it should appear not only that the plaintiff was unmarried at the time of the alleged birth of the child, but also that the persons to whom the words were addressed had knowledge of that fact, or at least there should be some averments showing that the hearers understood that the language used, conveyed a charge of bastardy, or imputed a want of chastity to plaintiff.  This is not done in this petition, and in this it differs in an essential particular from the case of *Truman* v. *Taylor, supra.*  We need hardly say that the allegation that defendant meant by the language used to charge the plaintiff with having had a bastard child, cannot enlarge the sense or meaning of the words.

Judgment affirmed.