## BEARDSLEY v. BRIDGMAN *et ux.*

1. Slander: WORDS ACTIONABLE PER SE. To say of an unmarried woman, "She has had a baby; she has had a young one; it is the report with the school that she has had a young one," is actionable per se.

2. —— EVIDENCE. Evidence of a repetition of the words charged after the commencement of the action and before the trial, is admissible to show malice, but not in aggravation of damages; and it is erroneous to admit such evidence with the remark to the jury that it was admitted to bear upon the question of damages.

3. —— EVIDENCE IN MITIGATION OF DAMAGES. On the trial of an action of slander, all circumstances cotemporaneous with the alleged slander which might have been given in evidence, under the general issue at common law, may given be in mitigation of damages; but those which tend to show the truth of the charge must be pleaded before they can be given in evidence.

4. —— RUMOR: REPETITION. A defense alleging that the slanderous words charged were rumor repeated by the defendant, is not sufficient, even in mitigation of damages, in the absence of a showing that they were repeated without actual malice.

5. —— EVIDENCE OF MALICE. When the law infers malice from the words spoken, the onus is upon the defendant to disprove it.

*Appeal from Keokuk District Court.*

FRIDAY, OCTOBER 21.

SLANDER. — The petition alleges that the defendant, Mahala Bridgman, said, of and concerning the plaintiff, who always had been, and still is an unmarried woman: "She has had a baby;" "She has had a young one;" "It is the report with the school that she has had a young one," &c., &c., and contains the proper averments. Answer in denial only. The questions made will appear in the opinion. Verdict for the plaintiff for $750; and defendants appeal.

*Casady & Polk* (with whom was *Wilkinson & Start*) for the appellant, cited the following authorities: 1. The evidence offered was not admissible to show damages. *McGlemery* v. *Kellar*, 3 Blackf., 486; *Schoonover* v. *Rowe*, 7 Id., 202; 2 Starkie Sland., 53–59. 2. It could be admitted only to show malice. *Williams* v. *Greenwade et ux.*, 3 Dana, 432; *Hart* v. *Reed*, 1 B. Monr., 166; *Parker* v. *McQueen*, 8 Id., 16; *Burnes* v. *McCorkle*, 2 Brown Rep., 90; *Cummer-*

*ford et ux.* v. *McAvoy*, 15 Ill., 311, and cases cited; *Crane and wife* v. *Douglas*, 2 Blackf., 195; 2 Starkie Sland., 249; 2 Stark. Ev., 880; 2 Greenl. Ev., 424.

*G. D. Woodin* and *S. Harned* for the appellee: 1. Evidence showing a repetition of the words after the commencement of the suit, was admissible to show malice. *McIntire and wife* v. *Young*, 6 Blackf., 496; *Thomas* v. *Croswell*, 7 Johns., 264; 2 Stark. Sland., 56. 2. The defendant cannot prove the truth of the words spoken under the general issue. 2 Greenl. Ev., § 424; *Andrews* v. *Vanduzer*, 11 Johns., 38; *Wilson* v. *Apple*, 3 Ohio, 270; *Haywood* v. *Foster*, 16 Id., 88; *Austen* v. *Hanchett*, 2 Root, 148; *Frost* v. *Browning*, 4 Conn., 408; *Mapes* v. *Weeks*, 4 Wend., 659; *Inman* v. *Foster*, 8 Id., 602.

DILLON, J.—I. The words alleged in the petition, spoken of an unmarried woman, are actionable, *per se*. This has 1. SLANDER: been settled in this State from an early day. words actionable *Cox et ux.* v. *Bunker et ux.*, Morris, 269; *Smith* per se. v. *Silence*, 4 Iowa, 321; *Dailey* v. *Reynolds*, 4 G. Greene, 354; *Wilson* v. *Beighler et ux.*, 4 Iowa, 427; *Truman* v. *Taylor*, Id., 424; *Abrams* v. *Foshee*, 3 Iowa, 274; *Cleveland* v. *Dietwiller*, 18 Id.

On the trial, the plaintiff, against the defendant's objection, was, by the court, permitted to prove the speaking of 2. —— the words charged in the petition, not only before, Evidence. but "*after* the commencement of this action, and within a week of the time of trial." The bill of exception further states that "said proof was allowed by the court to be made up to the time of trial, to which the defendant excepted — the court at the time remarking to the jury that the said evidence was admitted *to bear upon the question of damages.*" Such evidence, especially if the *quo animo* with which the words charged in the petition is at all equivocal, would be admissible *to show malice*. But it is

not admissible to bear upon, or to aggravate the *damages.* Such is the almost uniform tenor of the authorities, English and American. *Stuart.*v. *Lovell,* 2 Starkie, 693 ; 2 Starkie on Slander, 54, 55 ; 2 Greenl. Ev., §§ 271, 418, 421, note (5); 1 Id., § 52; 1 Hilliard on Torts, ch. 7, page 331, § 111, *et seq.,* and cases cited ; *McGlemery* v. *Kellar,* 3 Blackf., 488 ; *Schoonover* v. *Rowe,* 7 Id., 202 ; *Campbell* v. *Butts,* 3 Comst., 173. And when *repetitions* of the slander, subsequent to the bringing of the action, are admitted to show malice, it is entirely proper, if not, indeed, imperatively necessary, that the' jury should be cautioned not to enhance the damages on that account, but to give damages only in respect to the words charged. *Scott* v. *McKinnish,* 15 Ala., 662; *Roberts* v. *Ward,* 8 Blackf., 333 ; *Pearson* v. *Lemaitre,* 5 M. & G., 700; 6 Scott, N. R., 607; 1 Hill on Torts, 339, and cases there cited. And this is the more especially necessary where the subsequent language thus admitted is, as in the case at bar, actionable, *per se.* At first view, it would seem that the distinction above alluded to, that is, that such evidence may be received to show malice, but not to augment damages, is rather refined than real, because the *quantum* of damages is very much determined by the *motives* of the defendant. But the distinction is, nevertheless, grounded on good reasons. Subsequent repetitions of the slanderous words imputed constitute distinct, substantive and independent causes of action. So here, the plaintiff might sue and recover for the fresh slanders; and in this new action, the defendant could not show that the matter was given in evidence, and considered by the jury in estimating the amount of the recovery in the present action. *Campbell* v. *Butts,* 3 Comst., 173, where the point is expressly ruled. Appellee's counsel skillfully endeavor to evade this error by claiming that, while the bill of exceptions shows that the defendants objected to the evidence, it does not show, as the law requires (Rev.,

§ 3107), "the ground of objection" made to its admission. The evidence was admissible to show malice, but not to affect the damages, and the gist of the appellant's complaint it not so much that the evidence was admitted, as that its purpose was misstated to the jury. It is impossible to say what effect this remark, which was made "to the jury," had in swelling the amount of the recovery. The position of the judge, his office, his character, his learning, the respect, not to say reverence, with which his opinions are viewed by juries, give to his every utterance unquestioned and even oracular authority. His positive direction is imperative, and an intimation from him carries with it, in the estimation of a jury, controlling and decisive weight; and his erroneous opinions upon a material matter, because of the great force which attaches to them, entitle the unsuccessful party to a new trial. 3 Gr. & W. on N. Trials, ch. 10.

II. The next bill of exceptions is as follows: "Defendants, on the trial, offered to prove the truth of the words alleged to have been spoken under the general issue. Plaintiff objected. Court sustained the objection." By the general issue is meant the defendant's answer in denial, which was the only defense pleaded. This assignment, as well as the next, brings into view the nature of the changes effected by the Revision in the law of actions for defamation. Before the Revision, under the *general issue alone*, evidence in mitigation of damages might be given, unless it tended to establish the truth of the slanderous words. 2 Stark. on Sland., 87; Id., 455, 456. But if it did thus tend, it could not be received, unless it was part of the *immediate* circumstances under which the words were spoken (*McClintock* v. *Crick*, 4 Iowa, 453), without a plea in justification, not even in mitigation. One reason was, that the general issue gave no notice of this. Before the Revision, under a plea of

*3. ——*
*Evidence in*
*mitigation.*

the *truth*, if the proof fell short, the jury could not consider the proof in mitigation, even if it showed that the defendant had been honestly mistaken, or had not acted from improper motives.   The object of § 2929 of the Revision, is to give the defendant the benefit of the proper mitigating circumstances, and to give the plaintiff notice of what the defendant relies on.   As the law now stands, the defendant may plead *all*, *or any*, of the following defenses: 1st, in denial; 2d, justification ; 3d, mitigating circumstances, each of which must be sufficient in law to reduce the amount of damages, and be separately stated and sufficient in itself.   And here the inquiry arises, under this section (2929) what mitigating circumstances *must* be alleged, in order to give the defendant the right to prove them ?   We answer that all of that class, certainly all contemporaneous with the slander, which might have been given under the general issue, at common law may still be so given under an answer in denial.   As to this class, see *McClintock* v. *Crick*, 4 Iowa, 453.   But all of that class which tends to show the truth of the charge must be pleaded in order to give them in evidence.   Otherwise, the plaintiff would be surprised with proof of a substantial justification, where no such issue was made in the answer, and no notice thereof given.   When the defendant justifies *alone*, without filing a *denial*, it is probable that he will be cut off from proving any facts in mitigation not pleaded as such.   Van Santvoord's Pl., 493.   It may be difficult, in many cases, to say when a denial is filed, amounting to the general issue, what facts in mitigation *must* be pleaded, and the safest way for the pleader is in all cases to allege every fact relied on in mitigation, especially all not directly connected with the speaking of the slanderous words.   It follows, from the foregoing explication of section 2929, that the court, *under the pleadings*, did not err in refusing to

allow the defendants to prove *the truth* of the words for which the action was brought.

III. After the plaintiff had rested her case, the defendants, on the trial, offered to amend their answer by alleging "that there was such a report in circulation, at and before the time the same is alleged to have been spoken by the defendant Mahala, that is to say, a report that the said plaintiff 'had a baby;' 'that she had a young one.'"

4. —— Re-petition.

This amendment was properly refused. It did not set up either a justification or circumstances sufficient in law to mitigate or reduce the damages.

If intended in mitigation, it is cardinally defective, in not showing that the slanderous words were repeated *without actual malice;* thus, it does not give the author, or allege that defendants gave the author at the time, or that the defendant believed the words and repeated them without malice.

The *quo animo* with which the words are repeated, is the ruling consideration; and the plea, even in mitigation, should at least negative the idea that they were repeated in actual malice. We are not called upon to go into the question, what such an answer must allege in order to allow the repetition to mitigate damages.

The authorities are not accordant on this point; but they all agree that the proposed amendment was insufficient. 1 Am. Lead. Cas., 202, *n;* 1 Hill on Torts, 428, 433; and authorities cited on this point in Mr. Woodin's brief for the appellee.

IV. The court did not err in refusing to charge that the words spoken of the plaintiff "were not actionable *per se,* unless there is proof to show that they were spoken under circumstances which showed a malicious intent." If the words were spoken of an unmarried woman, malice is an inference of law, and the *onus* is on

5. —— Evidence of malice.

the defendant to disprove it. The charge of the court has been criticised by counsel, but without reviewing, in detail, the objections made to it; it is sufficient to say, that it laid down the law briefly, it is true, yet perspicuously and correctly.

V. Other questions are argued in regard to misconduct of jury, &c., but as these will not arise on another trial, we do not notice them. Respecting the question made as to the necessity of a motion for a new trial, and of excepting, see *Rindskoff Bros. & Co.* v. *Lyman*, 16 Iowa 260; to which we refer without again discussing the general question. In this case there was an exception duly taken on the trial; the ruling was embodied in a motion for a new trial which was overruled, and we are satisfied that the defendants again excepted to the overruling of the motion for a new trial, although the manner in which this is shown is not free from objection.

Judgment reversed and cause remanded for a new trial.

Reversed.