SNEDIKER *et ux.* v. POORBAUGH.

1. **Amendment:** PRACTICE. While the amendment of a petition, by reason of new matter stated therein, might be good ground for a continuance if defendant is taken by surprise thereby or not prepared to then go to trial, it constitutes no ground for a motion to strike the additional averments.

2. **Continuance:** DISCRETION. The action of the court below in overruling a motion for a continuance based upon the ground of surprise, occasioned by an amendment of the pleadings by the opposite party, will not be disturbed unless it appears that the discretion confided to the court in such cases has been abused.

3. **Evidence:** CORROBORATION OF IMPEACHED WITNESS. The doubt thrown upon the testimony of a witness by proof of his bad character may be removed by corroborating evidence.

4. **Slander:** WORDS ACTIONABLE PER SE. To say of a woman that she is a whore is actionable *per se.*

*Appeal from Jasper District Court*

WEDNESDAY, AUGUST 31.

SLANDER, the words charged imputing a want of chastity to the wife. Verdict for plaintiff, judgment following, and defendant appeals.

*Howe & Campbell* and *Winslow & Wilson* for the appellant.

*Smith & Cook* for the appellee.

WRIGHT, J. — I. The original petition, filed September 13, 1869, avers that defendant, on the 26th of July of that year, " did speak and publish to Catherine Dubois and others, etc., of the said plaintiff (the wife) these words: ' You (meaning said Dubois) and your sister (meaning plaintiff) are as big whores as walk the streets of Chicago.' thereby maliciously intend-

ing," etc. In November, and during the term of court, plaintiff filed an amended petition, alleging the speaking of the same words, as also others (all imputing a want of chastity), to the said Dubois and other citizens, naming them, stating different times and conversations.

Defendant moved to strike from the amended petition all therein contained beyond the averments of the original, because it set up a new cause of action, and was an entire change of claim. This motion was overruled, and of this action defendant complains.

There was no departure from the original cause of action, but the same cause was stated more at length and more specifically. The right of plaintiff to amend is undenied ; and if defendant, because of the new matter, was taken by surprise or was unable to then go to trial, he might have good cause for a continuance to prepare for trial, but certainly it would be no ground for a motion to strike. Rev. §§ 2977-2979 ;. *Hays* v. *Turner*, 23 Iowa, 214 ; *Fulmer* v. *Same*, 22 id. 230, and cases there cited ; and also *Correll* v. *Glascock*, 26 id. 83 ; *Avery* v. *Wilson*, id. 574 ; *Hunt* v. *Hoover*, 24 id. 230 ; *Nettman* v. *Schramm*, 23 id. 521.

II. Under the statute, and in view of the cases above cited, we cannot say that the court below abused its dis-

**2. CONTINU- ANCE: discre- tion.** cretion in refusing the continuance asked, based upon surprise from the alleged amendment. The affidavit filed for the purpose of showing that defendant could not be ready for trial, in consequence of the amendment (as provided in Rev. § 2979), is very general, and, except as to one clause of the amendment, fails to show that defendant's testimony could not as well be produced at that as any subsequent time.

This clause plaintiffs struck from their petition, offered no evidence in its support, claimed nothing upon it in

any way, and the necessity for the absent testimony on the part of defendant was thus, to this extent, legally obviated. We only remark, further, in this connection, that plaintiffs were required to number the counts in their petition, and state more definitely the dates of the several alleged conversations. Appellant's argument, therefore, based upon the theory that his motion requiring this was overruled, is based upon a misapprehension of the record.

The trial did not commence until several days after the continuance was refused.

III. As to the instructions. There was testimony tending to show that the character of a witness for plain-

3. EVIDENCE: corroboration of impeached witness.

tiff for morality was bad. The court instructed that the jury could consider that fact in connection with her credibility only ; but, if there was no attempt to impeach, and they found that she had been supported and corroborated by other witnesses, this would be a circumstance tending to remove the doubt thrown upon her credibility, and they should so consider it. And to this it is objected that corroboration cannot remove or tend to remove a doubt thrown upon the credibility of a witness by reason of bad character. We ask, why not? The law is, that the general moral character of a witness may be proved for the purpose of testing his credibility. Rev. § 3991. This innovates upon the common-law rule. The evidence is received, not to destroy the *competency*, but to test the *credibility*. Now, by the evidence of bad character, a witnesses' credibility is impaired six in a scale of ten, but by other witnesses, in support of what he states, he is sustained, or his story made probable, by eight to ten.

In such a case who would say that the corroborative evidence should not be considered to remove the doubt thrown upon his credibility by proof of bad character?

Snediker v. Poorbaugh.

It is the weight due to *testimony* we are now considering, and to this the instruction refers. Under this instruction, the jury were not bound to believe a thing to be true because the witness, thus supported, stated it. Her character might have been shown to be so bad that they disregarded all she said, resting their verdict alone upon what was testified to by others. But if they believed that the suspicion produced by evidence of bad character had been removed to any extent by evidence from others in support of what she said, then it was their duty to consider that evidence. And to this there can, in our opinion, be no possible valid objection. It is further objected, that the court refused an instruction to the effect that the presumption of malice, arising from proof of the speaking of the words charged, might be rebutted by evidence. To this it is sufficient to say, that it was substantially covered by one, if not by two, other instructions given at defendant's instance. But if not, it may have been refused, as asked, for want of testimony rendering it strictly applicable. The testimony is not in the record.

That the words set out in the petition are actionable *per se* is well settled in this state, and an instruction to **4. SLANDER:** **words actionable per se.** that effect was in no possible sense erroneous. In support, see *Beardsley* v. *Bridgman*, 17 Iowa, 290; *Cleveland* v. *Detweiler*, 18 id. 299, where all the cases upon this subject are collected.

Affirmed.