E. B. STEVENS v. ANGELL MATTHEWSON.

1. CONTRACT—*Action—Answer—Amendment—Fraudulent Representations.* In an action to recover a balance due on a contract for land, the defendant, in his answer, alleged that he was induced to enter into the contract by false representations respecting the land, made by the plaintiff and his agent, and pleaded a rescission of the contract. Afterward he asked leave to amend his answer so as to allege that the false representations were made with intent to deceive him; that he relied on them, and aver that he was damaged by reason of the land not being as represented in the sum of $1,850, which amendment, over the objection of the plaintiff, was allowed by the court upon condition that the defendant pay the cost in the case, taxed at $75.60, and the cause was then *continued* until the next term of the court. *Held,* That such amendment did not prejudice the substantial rights of the plaintiff, and therefore its allowance was not error. (Civil Code, § 140.)

2. EVIDENCE *Sustains Verdict.* The evidence examined, and *held* sufficient to sustain both the general and the special verdicts.

*Error from Labette District Court.*

THE facts appear in the opinion.

*Kimball & Osgood,* for plaintiff in error.

*Case & Glasse,* for defendant in error.

Opinion by STRANG, C.: Action on contract for sale of land. The defendant pleaded fraudulent representations as inducement for making the contract, and rescission of the contract. Afterward, with leave of court, over the objection of the plaintiff, the defendant amended his answer, affirming the contract, and alleging that the fraudulent representations were made with intent to deceive him, and that he relied on them, and claiming damages in the sum of $1,850 as the difference between the real value of the land and what it would have been worth if .as represented. This amendment was made at the cost of the defendant in the sum of $75.60, and the case continued to the next term.

June 18, 1888, the cause was tried by a jury, resulting in

a verdict for the sum of $496.40 in favor of the plaintiff. The jury also made the following special findings:

"Q. 1. Did the plaintiff himself, knowingly and with intent to deceive, make any false representations to the defendant concerning the land described, which were relied upon by him, and which induced the defendant to purchase said lands? A. Yes.

"Q. 2. If you answer the last question in the affirmative, then what were such representations? Set forth the same fully. A. The plaintiff did misrepresent by saying the land lies very nicely, or very well.

"Q. 3. Did Mr. Barrows, the agent of the plaintiff, with intent to deceive the defendant, make any false representations to him concerning the land described, which were relied upon by the defendant, and which operated to induce him to purchase said land? A. He did.

"Q. 4. If the last question is answered in the affirmative, then state what were said representations. Set them forth fully. A. He said the block laid very nicely and smoothly, with the exception of a small draw across the south end.

"Q. 5. Were both plaintiff and defendant residents of the city of Parsons at the time of the making of the contract set forth in the petition? A. Yes.

"Q. 6. Were the means of ascertaining the lay of the land, the location of the draws or ravines, and other matters in relation thereto, equally within the reach of both plaintiff and defendant? A. Yes.

"Q. 7. Could the defendant, by the exercise of reasonable diligence, have ascertained the facts concerning the lay and character of the land described before signing the contract? A. Yes; and we think he did."

The plaintiff filed a motion for a new trial, which was overruled, and he brings the case here for review. The first error assigned is based upon the action of the court in permitting the defendant to amend his answer over the objection of the plaintiff. It is claimed that the amendment substantially changed the cause of defense, and is therefore erroneous, under § 139 of the code of procedure. Amendments of pleadings are largely within the discretion of the trial court; and in this case the fact that the court allowed the amendment only at the cost of the party asking it, and continued the case to

the next term of court, indicates a proper exercise of judicial fairness and discretion. If § 139 was the only section upon the subject of amendments in our code, the contention of the plaintiff would possess more force, but the following § 140 cuts an important figure in this connection. "The court, in every stage of action, must disregard any error or defect in the pleadings, or *proceedings*, which does not affect the substantial rights of the adverse party, and no judgment shall be reversed or affected by reason of such error or defect." Were the substantial rights of the adverse party affected by the amendment allowed by the court? We think not. The court required the party amending to pay all the costs, amounting to $75.60, as a condition upon which his amendment was allowed; and the case was continued until the next term of the court. The plaintiff was not taken by surprise and compelled to go to trial without an opportunity to secure evidence to meet the new condition of things in the answer. He had ample time to prepare his case for trial under the answer as amended. We do not see how the substantial rights of the plaintiff were affected by the amendment. Now, suppose the plaintiff had wanted to amend his pleading; if the court had refused, he could have dismissed his case, paid his costs, and commenced his action over again with his petition as he desired to make it.

The plaintiff's rights in a case should be no greater than those of the defendant; and where a court permits a defendant to amend his answer upon condition that he pays the cost and submits to a continuance of the case, he is given no greater rights than the plaintiff may take. Every amendment of a pleading which substantially changes a cause of action or defense is not erroneous. It is only when such amendments are so made as to affect the substantial rights of the adverse party that they constitute error. (Civil Code, § 140.) In this case no substantial right of the plaintiff was affected by the amendment allowed in the manner and upon the conditions of its allowance.

The next contention of the plaintiff is, that under the issues

as they were made up when the case was tried, the plaintiff
was entitled to recover the contract price for the land, unless
the defendant established by a preponderance of the evidence
that by reason of false representations as to material matters
of fact, made by the plaintiff or his agent, upon which the de-
fendant relied, and had a right to rely, he was induced to
agree to pay more for the land than he would otherwise have
done; and the plaintiff asserts that the defendant failed to
show this.    The difficulty about the plaintiff's position in this
matter is that the jury found against him upon the evidence,
both in their general verdict and special findings.    The jury
returned a general verdict for the plaintiff for only $496.40;
so they in effect found the land to be worth in the neighbor-
hood of $900, from which they deducted the $400 already
paid by the defendant, giving the plaintiff a verdict for the
difference between what they found the value of the land to
be and the amount already paid thereon.    In the special ver-
dict the jury found that the plaintiff and his agent both know-
ingly, and with intent to deceive, made false representations
affecting the value of the land.

Plaintiff's counsel seek to overcome all this by calling the
court's attention to and construing special answers of the jury
numbered 6 and 7.    No. 6 is as follows:

"Q. Were the means of ascertaining the lay of the land,
the location of the draws or ravines, and other matters in re-
lation thereto, equally within reach of both plaintiff and de-
fendant?    A. Yes."

In the sense in which the jury seem to have answered this
question, it does not affect the plaintiff's right of recovery.
They had just answered that the plaintiff and defendant were
both residents of the city of Parsons; and being residents of
such city, the means for going to and making an examina-
tion of the land were probably equally within the reach of
each.    But the other special answers of the jury, as well as
the general verdict, show that the jury believed the allega-
tions of the plaintiff, that he did not know the lay of the
ground, so far as the particular block in controversy was con-

cerned, that the plaintiff and his agent did, and that the defendant told them he did not, and relied upon their statements in relation to the lay of the land.   The plaintiff seems to think that because there was a greater number of witnesses on his side in relation to these facts, that the preponderance of the evidence was with him, or at least was not with the defendant.   The preponderance of the evidence does not depend upon the greater number of witnesses, but upon the greater weight of evidence; and the jury are the exclusive judges of the weight to be given the testimony.   The jury weighed the evidence in this case, and found in favor of the defendant, and we cannot say they did not properly adjust the scales.   The seventh special finding reads as follows:

"Q. Could the defendant, by the exercise of reasonable diligence, have ascertained the facts concerning the lay and character of the land described before signing the contract? A. Yes; and we think he did."

This question and answer, standing by themselves, are susceptible, perhaps, of both constructions contended for by the parties.   But this question and answer must, if possible, be harmonized with the other special answers, and with the general verdict.   In the first and third answers, the jury say that the plaintiff and his agent made false representations with intent to deceive, and that the defendant relied on them, which he could not have done if he had ascertained the facts for himself before signing the contract; and this is so plain a proposition that it is difficult to believe that the same jury, at the same time that they answered the first and third questions, and in connection therewith, intended in answering the seventh question to say that the defendant had ascertained the facts about the lay of the land for himself before signing the contract.   If we put such a construction upon this last question and answer, they are in direct conflict with the general verdict.   Taking all the special answers together, and in connection with the general verdict, we cannot think the jury intended to say that the defendant ascertained the lay of the block of land in any way, except from the statements of the

plaintiff and his agent, before he signed the contract therefor.
We must conclude, therefore, that by this answer the jury
meant to say that the defendant exercised reasonable diligence,
by making inquiry of the plaintiff and his agent before sign-
ing the contract.

The plaintiff also complains of the instructions, or portions
thereof. The instructions are very full and complete, cover-
ing all the questions that in any way arose in the case, and,
taken all together, we think are not only not erroneous, but
very fair to the plaintiff.

It is recommended that the judgment of the district court
be affirmed.

By the Court: It is so ordered.

All the Justices concurring.