## TROWER v. ROBERTS.

No. 1182.   Opinion Filed November 14, 1911.

(120 Pac. 617.)

1.   PLEADINGS—Amendment.   Amendments of pleadings may be
     allowed in furtherance of justice when such amendments do not
     substantially change the cause of action or the defense.

2.   SAME — Petition — Amendment — New Cause of Action —
     ''Substantially Change.''   In an action for slander, it is not error
     to permit the filing of an amended petition charging the utter-
     ance of other and different slanderous words from those alleged
     in the original petition, where the new cause of action charged
     is of the same general character and import as that contained in
     the original petition, and where the defendant is given ample time
     and opportunity to prepare to meet the allegations contained in
     the amended petition.   Such an amendment does not substantially
     change the plaintiff's claim within the meaning of section 5679,
     Comp. Laws 1909.

3.   APPEAL AND ERROR—Pleading—Review—Discretion of Court
     —Amendments.   To permit amendments, when not changing the
     cause of action, rests within the sound discretion of the trial
     court, and will not be disturbed on appeal unless it affirmatively
     appears that its exercise has operated to the prejudice of the
     rights of the complaining party.

4.   DEPOSITIONS — Objections — Waiver.   Where a deposition is
     taken pursuant to notice, and the opposing party appears and
     cross-examines the witness, and the testimony is taken by a

stenographer and immediately transcribed, and which testimony is then read by the witness and subscribed by him in the presence of the officer taking the deposition, no objections to the time or manner of taking the deposition or the fact that the stenographer's notes were transcribed in the absence of the officer being made by opposing counsel, the fact the deposition was not written in the officer's presence will be deemed to have been waived, and cannot be raised for the first time upon a motion to suppress the deposition so taken, filed on the day that the action is called for trial.

(Syllabus by Sharp, C.)

*Error from District Court, Garfield County; H. G. McKeever, Special Judge.*

Action for slander by Nannie E. Roberts, defendant in error, plaintiff below, against George F. Trower, plaintiff in error, defendant below. Judgment for plaintiff, and defendant brings error. Affirmed.

*Parker & Simons,* for plaintiff in error.

*Robberts & Curran,* for defendant in error.

Opinion by SHARP, C. On August 11, 1904, defendant in error, plaintiff below, brought an action for slander against plaintiff in error, defendant below. The petition contained two causes of action, the first of which charged that defendant, on the 1st day of December, 1903, in a certain discourse which said defendant then and there had of and concerning plaintiff, and in the presence and hearing of numerous persons and citizens of said locality, and in the presence of Beulah Schindaurf, Ida Schindaurf, Mrs. Eva Trower, and A. Schivaleer, and in the presence of plaintiff, falsely, unlawfully, wickedly, and maliciously spoke and published of and concerning said plaintiff the following scandalous, false, and malicious words: .

"Now you see what a God damned outfit she has backing her up. See what a pack of whores she is keeping around her. Mrs. Roberts let Earnest Walters and Ida Schindaurf sleep all night together in her bed."

The second cause of action charges that on or about July 19, 1904, defendant, in a certain discourse then and there had

about and concerning plaintiff, and in the presence of numerous persons, referring to his, the defendant's wife, who had left him and taken refuge at the home of plaintiff, who was her sister, and in referring to the matter and in the presence of S. T. Worley, Dessie Bell, Joe Linn, Charles Worley, Charles Rogers, and Herman Shoemaker, falsely, unlawfully, wickedly, and maliciously spoke and published of and about and concerning plaintiff the false, scandalous, and malicious words following:

"That God damned Roberts is to blame for my entire trouble .with my wife, and the .worst I hated was that she was up there with that God damn set of whores."

Plaintiff asked damages in the sum of $5,000 on each cause of action. A demurrer to the original petition was sustained, and on November 15, 1904, plaintiff filed an amended petition setting up in a changed form the two original causes of action and a third and additional cause of action, which charged that defendant on or about November 30, 1903, in a certain discourse which he then and there had of and concerning and about plaintiff, and in the presence and hearing of numerous people and citizens of said locality, and in the presence and hearing of S. W. Wilcox and other persons, whose names were at the time unknown to plaintiff, spoke the certain, false, scandalous, and malicious words following:

"That God damned woman is a whore, and I·can prove it. Joe Black slept with her, and was seen coming out of the house next morning."

For this cause of action plaintiff asked additional damages in the sum of $5,000. On December 5, 1904, the defendant filed a motion to strike from the amended petition the third cause of action, for the reasons:

"(1). That it stated an entirely different, separate, and distinct cause of action from that contained in the original petition. (2) That the third cause of action is irrelevant and redundant."

This motion was on the same day overruled and exceptions saved, and thereafter, and on December 10, 1904, defendant an-

swered. The action was tried on April 22, 1908, resulting in a verdict for plaintiff.

There are but two questions presented for our consideration:

(1) It is claimed by plaintiff in error that the trial court erred in overruling the motion of defendant to strike the third cause of action from the amended petition.

(2) That the court erred in not sustaining the motion of defendant to suppress the deposition of J. H. Shoemaker.

These objections will be considered in the order named.

Section 5679, Comp. Laws 1909, provides:

"The court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process, or proceeding by adding or striking out the name of any party, or correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case, or conform the pleading or proceeding to the facts proved, when such amendment does not change substantially the claim or defense; and when any proceeding fails to conform, in any respect, to the provisions of this Code, the court may permit the same to be made conformable thereto by amendment."

This section has recently, on several occasions, been construed by this court. In *Fort Produce Co. v. Southwestern Grain & Produce Co.*, 26 Okla. 13, 108 Pac. 386, it is said:

"This section of the statute, with many other provisions of the Code now in force in this state, was brought into this jurisdiction by adoption from the state of Kansas. The Supreme Court of that state in 1892, just prior to the time of the adoption of the statute by the territorial Legislature, construed the foregoing section, and applied it to a state of facts very similar to the facts in the case at bar. *Culp v. Steere et al.*, 47 Kan. 746, 28 Pac. 987."

In that case, Mr. Justice Valentine, delivering the opinion, said:

"The statute does not provide that the amendment shall not change the form of action or cause of action; but it simply provides that the amendment shall not 'change substantially the claim or defense.' "

In *Snider v. Windsor et al.,* 77 Kan. 67, 93 Pac. 600, the original petition set up a cause of action for foreclosure of a mortgage, and the trial court permitted an amendment converting the action into one of replevin to obtain possession of the property covered by the mortgage. The action of the trial court in permitting the amendment was held to be error. *Stevens v. Matthewson,* 45 Kan. 594, 26 Pac. 38, was an action to recover the balance due on a contract for land. The defendant in his answer alleged that he was induced to enter into the contract by false representations respecting the land made by plaintiff and his agent, and pleaded a rescission of the contract. He was afterwards permitted to amend his answer so as to allege that the false representations were made with the intent to deceive him, and that he relied thereon and was damaged by reason of the land not being as represented, and asked judgment for damages. The amendment was sustained by the appellate court. These cases and others are cited and reviewed by the court in *Fort Produce Co. v. Southwestern Grain & Produce Co., supra,* and in which the court directs attention that the tendency of all the courts is to give to the statute a broad construction. The court concludes by saying that the decisions of the Supreme Court of Kansas in such cases made before the local adoption of the statute are binding upon the court. The filing of amendatory and supplementary pleadings rests largely within the discretion of the trial court, and, unless there is a clear abuse of that discretion, its ruling will not be reversed. *Kuchler v. Weaver,* 23 Okla. 420, 100 Pac. 915; *Alcorn et al. v. Dennis,* 25 Okla. 135, 105 Pac. 1012. The latter case cites numerous Oklahoma authorities. This rule is one of such general application that a further citation of authorities is unnecessary.

It will be observed that the slanderous words in the third paragraph of the amended complaint are of the same general character as are those contained in the original, in both cases imputing a want of chastity, and being of the same general nature and import. The amendment did not change substantially

the cause of action. In *Mohr v. Lemle,* 69 Ala. 180, it is said in the syllabus:

"Where, in an action for libel, the libel set out and declared on in the original complaint relates only to the solvency of the plaintiff, and in that respect only touches his character as a merchant, an amendment may be allowed under the statute, introducing another and distinct libel, written and published at a different time from the one described and declared on in the original complaint, and touching the integrity and the personal conduct of the plaintiff, without assailing or questioning his solvency. By such amendment the form of action is not changed, and a cause of action entirely new is not introduced."

In *Snediker et ux. v. Poorbaugh,* 29 Iowa, 488, in an action of slander, an amended petition was filed, which alleged the speaking of the same words, as well as others, and all of which imputed a want of chastity. The defendant moved to strike from the amended petition all that was contained therein beyond the averments of the original petition, alleging that it set up a new cause of action. The court in passing upon the question, said:

"The right of plaintiff to amend is undenied; and if defendant, because of the new matter, was taken by surprise or was unable to then go to trial, he might have good cause for a continuance to prepare for trial, but certainly it would be no ground for a motion to strike"—citing numerous authorities.

Almost three and one-half years expired after the filing of the amended petition until the case was finally tried. Certainly it cannot be said that defendant was in any manner misled by his adversary, or that he was denied full time and opportunity to have defended against the amended petition, to the same extent as if the third paragraph had been included in the original petition. We do not think that the third paragraph of the amended petition substantially changed the claim of the plaintiff.

Such amendment being permissible under the statute, there was no abuse of discretion in overruling the motion of the defendant.

Taking up the alleged assignment of error, the failure of the court to suppress the deposition of J. H. Shoemaker, we are of

the opinion that the motion was properly overruled. This objection is based upon the failure of the notary's certificate to fully comply with section 5879, Comp. Laws 1909. The certificate does not show that it was written in the presence of the officer certifying thereto, but does show that it was subscribed by the witness in the presence of the notary.

On the hearing of the motion to suppress, testimony was taken, which shows that the deposition was taken at the time and place named in the notice, but before the arrival in Wagoner of the attorney representing the defendant; that, after his arrival, permission to cross-examine the witness was given, and he was furnished a transcript of the testimony given on direct examination; that counsel for defendant had prior thereto told counsel for plaintiff that he would move to suppress the deposition, unless he should be allowed the privilege of cross-examination. The cross-examination was taken in shorthand by Estelle Simpson, and afterwards by her transcribed, as was the direct, redirect, and recross examination. Counsel for defendant at the time made no objection further than as heretofore noted. The shorthand notes were not transcribed in the presence of the notary, but, after being typewritten, were read by the witness before the deposition was signed. No objection was made to the manner or form of taking the deposition until the motion to suppress was filed in court on the day the case was called for trial. The candid testimony of his attorney representing the defendant present at the taking of the deposition fully convinces us that it was at least tacitly agreed that, if given an opportunity to cross-examine, no objection would be made to the manner or form of taking the deposition. Certainly no objections were made. Had defendant not been present or represented, perhaps a different rule would apply, but, having attended the examination and made no objections to the manner in which the depositions were taken, he should not afterwards be allowed to attack the regularity of that which, had a timely objection been urged, could have been obviated. In *Dunham v. Halloway,* 2 Okla. 80, 35 Pac. 949, it is said in the syllabus:

"Where an officer taking depositions fails to show in his certificate that the same were taken at the place named in the notice, and where it further appears that the adverse party was not present when such depositions were taken, held, that the trial court erred in overruling a motion to suppress such depositions."

In *Brown v. Ellis* (D. C.) 104 Fed. 834, it is said:

"If the defendant had objected or not impliedly consented to the mode of taking followed, this objection to the admissibility of the deposition would apparently have been fatal. When this statute was passed, testimony out of court was taken down in longhand, and such a provision would be a safeguard against error and fraud. Now testimony is taken by stenographers and written out with quite as much safety. The defendant not only did not object to this method, but took part in it by cross-examining the witnesses, and having their cross-examination taken down in the same way. This was a waiver then, and the failure to object on this ground when the deposition was offered would be a waiver now."

It is only fair, however, to say that in the foregoing case the testimony was reduced to writing by the stenographer in the presence of the magistrate and of the witness and counsel. But we do not deem that fact of controlling importance, in view of the expression of the court as to the effect of a failure to make a timely objection. In *Barnhardt v. Smith,* 86 N. C. 473, it is said:

"One of defendants' counsel was present at the taking of the deposition, and examined the witness without making any objection to his giving his testimony for want of an oath or otherwise, and none was made previous· to the entering upon the trial. This is a clear waiver of the alleged defect or irregularity, since the objection, if made at the proper time, may have been removed or remedied, and it would be manifestly wrong to allow it to be sprung upon the plaintiff after the cause has gone to the jury. 'If, therefore, it appears,' says Strong, J., adverting to a similar exception, 'that the plaintiff in error did waive his rights under the act of Congress—if he did practically consent that the deposition be taken and returned to the court as it was—and if by his waiver he has misled his antagonist—if he refrained from making objections, known to him at the time they might have been removed, and until after the possibility of such re-

moval had ceased, he ought not to be permitted to raise the objection at all.' *Shutte v. Thompson,* 15 Wall. 151."

In *Northern Pacific Railway Co. v. Urlin,* 158 U. S. 271, 15 Sup. Ct. 840, 39 L. Ed. 977, in passing upon a motion to suppress depositions, the court said:

"The refusal of the court to suppress the deposition of Dr. W. P. Mills because it did not disclose that the witness was cautioned and sworn before testifying, as required by the statute, is assigned for error. But it appears that the defendant company was represented by counsel, and took part in the examination, and this must be regarded as a waiver of any irregularity in the taking of the deposition. *Bank v. Seton,* 1 Pet. 307, 7 L. Ed. 152; *Shutte v. Thompson,* 15 Wall. 159, 21 L. Ed. 123; 13 Cyc. 1025 et seq.; *Sharpless v. Warren* (Tenn.) 58 S. W. 407; *Van Hook v. Pendleton,* 2 Blatch. 85 [Fed. Cas. No. 16,852]; *Flowers v. Miller et al.* (Ky.) 16 S. W. 705; *Free v. Buckingham,* 59 N. H. 219."

We are therefore of the opinion that plaintiff in error, having appeared at the time the deposition was taken, having cross-examined the witness, and not having objected to the manner and form by which the deposition was taken, nor to the place of transcribing the stenographer's shorthand notes, and the witness having read the testimony before signing the deposition, and which was signed in the presence of the notary taking the deposition, the court did not err in overruling the motion to suppress the deposition. The judgment of the lower court should be affirmed.

By the Court: It is so ordered.

All the Justices concur.