## MERCHANTS' & PLANTERS' INS. CO. v. CRANE.

No. 2227. Opinion Filed November 19, 1912.

(128 Pac. 260)

1. PLEADING—Amendments. Same as paragraph 1 of the syllabus in Trower v. Roberts, 30 Okla. 215, 120 Pac. 617.

2. APPEAL AND ERROR—Pleading—Review—Burden of Showing Prejudice. Same as paragraph 2 of the syllabus in Offutt v. Wagoner, 30 Okla. 458, 120 Pac. 1018.

3. SAME—Review—Harmless Error. Same as paragraph 4 of the syllabus in Chicago, R. I. & P. Ry. Co. v. Bankers' National Bank, 32 Okla. 290, 122 Pac. 499.

(Syllabus by Ames, C.)

*Error from Muskogee County Court;*
*W. C. Jackson, Judge.*

Action by Laura Crane against the Merchants' & Planters' Insurance Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*Davidson & Williams,* for plaintiff in error.

*W. F. Schuermeyer,* for defendant in error.

Opinion by AMES, C. The plaintiff sued the defendant on account of a fire loss covered by its policy. Some time after the fire the parties agreed upon a settlement, by which the plaintiff was to accept $700 as a compromise of the defendant's liability. The petition, referring to this compromise, alleged:

"On the 20th day of February, 1909, the said defendant corporation, acting through a duly authorized agent, did agree upon a compromise and settlement of the said liability and loss under the said policy as aforesaid, and did enter into its written agreement of settlement with the plaintiff herein under the terms of which said defendant corporation agreed to pay to this plaintiff the sum of $700 cash; said written agreement now being in the possession of the defendant corporation."

The defendant denied the execution of any such written instrument. The jury was waived, and the case tried to the court. The plaintiff offered evidence to the effect that the compromise was made, but that the agreement was not reduced to writing, but there was some evidence tending to show that there was a memorandum made of the agreement. This evidence was all offered over the objection of the defendant, the objection being based on the ground that the petition alleged a written agreement, while the evidence tended to show an oral one. After the evidence had been offered, the court allowed the plaintiff to amend the petition to conform to the proof, and judgment was rendered for the plaintiff. The errors assigned are that the court erred in admitting the evidence; that the court erred in overruling the defendant's motion to strike the evidence; that the court erred in overruling the demurrer to the evidence; that the court erred in allowing the amendment and in rendering judgment.

For the purpose of this decision, it may be conceded that the evidence was incompetent, because it tended to prove a parol agreement, instead of a written one, while the petition alleged the execution of a written agreement. But, if the amendment was properly made, these questions become immaterial, and the only material question in the case, therefore, is whether the amendment was reversible error.

Comp. Laws 1909, secs. 5673, 5674, 5675, are as follows:

"Section 5673: No variance between the allegations in a pleading and the proof, is to be deemed material, unless it have actually misled the adverse party, to his prejudice, in maintaining his action or defense upon the merits. Whenever it is alleged that a party has been so misled, that fact must be proved to the satisfaction of the court, and it must also be shown in what

respect he has been misled, and thereupon the court may order the pleading to be amended, upon such terms as may be just."

"Section 5674: When the variance is not material, as provided in the last section, the court may direct the fact to be found, according to the evidence and may order an immediate amendment without cost."

"Section 5675: When, however, the allegation of the claim or defense, to which the proof is directed, is unproved, not in some particular or particulars only, but in its general scope and meaning, it is not to be deemed a case of variance within the last two sections, but a failure of proof."

The argument of the defendant is that as the evidence tended to prove an oral, instead of a written agreement, that it was not a variance, but a failure of proof under section 5675, and therefore that an amendment was not proper. But the defect in this argument is that the actual transaction was the settlement, and that the difference between the settlement pleaded and the settlement proven was merely in the matter of evidence, and that it did not fail in tending to establish the general scope and meaning of the allegation. It was therefore, a proper case for an amendment to be allowed. The defendant does not claim to have been misled, nor does it make any claim that the settlement was not made, but bases this appeal upon the purely technical question stated.

The judgment of the trial court should be affirmed upon the authority of *Chicago, R. I. & P. Ry. Co. v. Bankers' National Bank,* 32 Okla. 290, 122 Pac. 499; *Trower v. Roberts,* 30 Okla. 215, 120 Pac. 617; *Offutt v. Wagoner,* 30 Okla. 458, 120 Pac. 1018, and the authorities therein cited. In the syllabus in the Trower case we said:

"Amendments of pleadings may be allowed in furtherance of justice when such amendments do not substantially change the cause of action or the defense."

In *Offutt v. Wagoner, supra,* we said:

"The allowance of amendments to pleadings before or after judgment, when the same do not change substantially the claim or defense, rests in the sound discretion of the court, and the allowance of the same will not be disturbed on appeal unless it is made to affirmatively appear that its exercise has operated to the prejudice of the complaining party."

In *Chicago, R. I. & P. Ry. Co. v. Bankers' National Bank, supra,* we said:

"The court in every stage of action must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.