**BARNETT v. AETNA EXPLOSIVES CO., Inc., et al.**

No. 12532—Opinion Filed Nov. 20, 1923.

(Syllabus.)

1. Appeal and Error — Discretion of Trial Court — Amendments of Pleadings.

The allowance of amendments to pleadings is within the sound discretion of the trial court and his action, in allowing or refusing such amendments, will not be disturbed on appeal, unless it is made to affirmatively appear that the exercise of such discretion has operated to the prejudice of the rights of the complaining party.

2. Corporations — "Transacting Business" in State.

The phrase, "transact business," as used in sections 1335-1338, Rev. Laws 1910, prescribing conditions under which foreign corporations may transact business in this state, means the doing or performing of a series of acts occupying the time, attention, and labor of men for the purpose of livelihood, profit, or pleasure; but the doing of a single act pertaining to a particular business is not transacting business as contemplated by said sections.

Error from Superior Court, Okmulgee County; H. R. Christopher, Judge.

Action by the Aetna Explosives Company, Inc., against W. A. Barnett and another. Judgment for plaintiff, and defendant appeals. Affirmed

Jos. I. Pitchford and Eldon J. Dick, for plaintiff in error.

Ross & Thurman and John H. Alsop, for defendant in error.

NICHOLSON, J. This was an action by Aetna Explosives Company against Harry Churchill and W. A. Barnett, to recover the sum of $334.12, and interest, alleged to be due on a promissory note executed and delivered to the plaintiff by the defendants, which note was dated at Pangburn, Ark., January 16, 1918, and payable to the order of the plaintiff, at the Pangburn State Bank, Pangburn, Ark., one year after date.

The defendant W. A. Barnett filed answer consisting of a general denial unverified, and further pleaded that the plaintiff was not entitled to maintain said action against him for the reason that said plaintiff is and was at the time of the making of the contract sued on, a foreign corporation and was not duly authorized by law to do business in the state of Arkansas, where the pleadings show said contract had been made, and that said contract was null and void. The plaintiff filed an amended reply in which, after denying the averments of the answer, it pleaded that it was a corporation engaged in interstate business and was not, at the time of the making of the note, doing business within the state of Arkansas, other than in the furtherance of said interstate business.

On the 19th day of January, 1921, the day before the cause came on for trial, the defendant Barnett asked leave to file an amended answer to which was attached a copy of the laws of the state of Arkansas relative to foreign corporations doing business within said state. Leave to file this amended answer was denied. On January 20, 1921, the case came on for trial to the court and jury. The plaintiff introduced in evidence the note, and rested. The defendant Barnett introduced the deposition of the Secretary of State of the state of Arkansas, who testified that the plaintiff had not filed a copy of its charter or articles of incorporation in his office, and had not paid the fees required to authorize it to transact business in such state. This was all the evidence introduced on behalf of the defendant, and at the conclusion thereof the plaintiff interposed a demurrer thereto, which demurrer was by the

court sustained, and judgment was rendered for the plaintiff. From this judgment the defendant has appealed, and insists that the court erred in refusing to allow the defendant to file the amended answer.

By the provisions of section 318, Comp. Stat. 1921, the court may, in the furtherance of justice, and on such terms as may be proper, amend any pleading, where such amendment does not change substantially the claim or defense. However, the allowance of amendments to pleadings is within the sound discretion of the trial court, and his action will not be disturbed on appeal unless it is made to affirmatively appear that the exercise of such discretion has operated to the prejudice of the rights of the complaining party. City of Shawnee v. Slankard, 29 Okla. 133, 116 Pac. 803; Offutt v. Walgoner, 30 Okla. 458, 120 Pac. 1018; Trower v. Roberts, 30 Okla. 215, 120 Pac. 617; Merchants & Planters Ins. Co. v. Crane, 36 Okla. 160, 128 Pac. 260; Abraham v. Provance, 48 Okla. 243, 150 Pac. 105; American National Ins. Co. v. Rardin, 74 Oklahoma, 177 Pac. 601.

This case had been at issue for several months, no application to amend the answer had been made until the day before the case was set for trial, and no reason is shown why a request for amendment came so late. Such amendment would probably have resulted in a continuance of the case. Furthermore, it is agreed by counsel for both parties that the laws of Arkansas sought to be pleaded are practically the same as the laws of Oklahoma, and the case was tried below, and is presented here, on the theory that the laws of Arkansas relative to foreign corporations doing business in the state, when neither pleaded nor proven, are presumed to be the same as the laws of this state. Under these circumstances, it cannot be said that the trial court abused its discretion in refusing the amendment, or that such refusal operated to the prejudice of the defendant.

It is next urged that the trial court erred in sustaining the plaintiff's demurrer to the defendant's evidence.

The plaintiff introduced in evidence the note sued on, which the defendant admitted he executed and delivered to the plaintiff and which he also admitted he had not paid. The defendant proved that the plaintiff had not been authorized to transact business in the state of Arkansas, and rested. He did not prove, nor attempt to prove, that the plaintiff was doing business in Arkansas in violation of the laws of that state. True, the note shows on its face that it was executed and made payable in that state, but, so far as the record discloses, this was but an isolated transaction. The mere doing of a single act of business in another state does not constitute doing business. within the meaning of the foreign corporation laws of the several states. Cooper Mfg. Co. v. Ferguson, 113 U. S. 727, 28 L. Ed. 1137. It has been held that "transacting business," within the meaning of sections 1335-1338, Rev. Laws 1910 (sections 5432-5435, Comp. Stat. 1921), prescribing conditions under which foreign corporations may transact business in this state, means the doing or performing of a series of acts which occupy the time, attention, and labor of men, for the purpose of livelihood, profit, or pleasure, but the doing of a single act pertaining to a particular business is not transacting or doing business as contemplated by said sections. Fuller v. Allen, 46, Okla. 417, 148 Pac. 1008; Denison v. Phipps, 87 Okla. 299, 211 Pac. 83.

The defendant failed to prove a defense to plaintiff's cause of action, and the court did not err in sustaining a demurrer to his evidence. The judgment of the trial court is affirmed.

McNEILL, V. C. J., and COCHRAN, HARRISON, and MASON, JJ., concur.