## FREEMAN-SIPES CO. v. CORTICELLI SILK CO.

No. 1980.   Opinion Filed June 25, 1912.

(124 Pac. 972.)

1.  **CORPORATIONS**—Foreign Corporations—"Doing Business." The institution and prosecution of suits in the courts of this state by a foreign corporation is not doing business therein within the meaning of section 43, art. 9, of the Constitution, or of article 23, c. 18 (sections 1225-1227) Wilson's Rev. & Ann. St. 1903.

2.  **COMMERCE**—Foreign Corporations—Regulation.  Section 43, art. 9, Constitution (Williams' Ann. Const. Okla. [260]), prohibiting both foreign and domestic corporations from doing business in the state, without first filing in the office of the Corporation Commission a list of its stockholders, officers, and directors, with the residence and post-office address of, and the amount of stock held by, each; and requiring that every foreign corporation shall, before being licensed to do business in the state, designate an agent in the state, and that service of summons may be had on such designated agent, etc., was not intended to interfere with interstate commerce, and does not prevent a foreign corporation from selling a merchant of this state goods to be shipped into the state from without its borders.

(Syllabus by Sharp, C.)

*Error from Garvin County Court;*
*W. B. M. Mitchell, Judge.*

Action by the Corticelli Silk Company against the Freeman-Sipes Company.   Judgment for plaintiff, and defendant brings error.   Affirmed.

*J. B. Thompson,* for plaintiff in error.

*Crane & Ready,* for defendant in error.

Opinion by SHARP, C.   The plaintiff, a corporation organized under the laws of the state of New Jersey, engaged in business in the city of St. Louis, state of Missouri, sued the defendant, a corporation organized under the laws of Congress formerly in force in the Indian Territory, with its principal place of business at Pauls Valley, Okla.   The action was to recover the purchase price of a bill of goods, wares, and merchandise, sold

defendant during the year 1908. Defendant's answer admitted the allegations contained in the plaintiff's petition, but charged that plaintiff, not having complied with section 43, art. 9, of the Constitution of Oklahoma, could not, on account thereof, maintain its action against defendant. Demurrer being sustained to the answer, judgment was rendered in behalf of plaintiff, and the case is brought here for review. It will be observed that the answer of defendant raises only the question of the plaintiff's right to maintain its action, and not the right to enforce the terms of the original contract.

In *Cooper v. Ft. Smith & Western Ry. Co.,* 23 Okla. 139, 99 Pac. 785, the court had under consideration sections 1225 and 1227, Wilson's Rev. & Ann. St. 1903, prescribing the duties of foreign corporations engaged in business in this state. Numerous authorities were reviewed, and the court there said:

"As the demurrer admits that plaintiff is a foreign corporation and has so failed to comply with the law, does such failure deprive it of the right to bring this suit or render void the note sued on as contended by defendant? We think not. Section 1225, *supra,* by inhibiting a foreign corporation from transacting any business in this state until it had complied with the law contained in the article of the statute of which said section is a part,. did not intend to deprive such corporation of the right to sue in the courts of this state. This was so expressly held in *American Buttonhole Co. v. Moore,* 2 Dak. 280, 8 N. W. 131, in construing this statute before its adoption by the territory of Oklahoma, and is consequently binding on this court."

Section 43, art. 9, of our Constitution, is said by Justice Williams in his Annotated Constitution (260, note) to have been patterned after section 232 of the Alabama Constitution of 1901. The Supreme Court of that state has held the above constitutional provision to be self-executing. *American Union Telegraph Co. v. Western Union Telegraph Co.,* 67 Ala. 26, 42 Am. Rep. 90; *Beard v. U. & A. Pub. Co.,, 71* Ala. 60; *New England Mortgage Security Co. v. Ingram,* 91 Ala. 337, 9 South. 140. It has also been held by the Supreme Court of Alabama that the institution and prosecution of suits in the courts of that state is not doing business within the requirements of its laws. *Christian v. Amer-*

*ican Freehold Land & Mortgage Co.,* 89 Ala. 198, 7 South. 427;
*Cook et al. v. Rome Brick Co.,* 98 Ala. 409, 12 South. 918.

The right to sue and be heard is one thing; but the right
to have contracts enforced upon trial is another and a quite dis-
tinct matter. *American Buttonhole Co. v. Moore,* 2 Dak. 280,
8 N. W. 131. Giving to the special defense pleaded by defendant
the broadest possible construction, and considering it sufficient
to raise the question of whether or not the contract may be en-
forced, still our judgment must remain the same. The Consti-
tution of the United States declares Congress shall have the
power "to regulate commerce with foreign nations and among
the several states." Const. U. S. art. 1, sec. 8, par. 3. In the
case of *Robbins v. Taxing District of Shelby County,* 120 U. S.
489, 7 Sup. Ct. 592, 30 L. Ed. 694, it was said:

"The business of selling goods which were in Ohio at the
time of sale, and were at a future time to be delivered to the pur-
chaser in the state of Tennessee, constituted interstate commerce
and the license tax imposed by the statute of Tennessee upon
the business of drummers was a tax upon interstate commerce
and invalid."

This principle is conclusive. In *Cooper Mfg. Co. v. Fergu-
son et al.,* 113 U. S. 727, 5 Sup. Ct. 739, 28 L. Ed. 1137, it was
said by Mr. Justice Matthews, concurring in the opinion of the
court:

"Whatever power may be conceded to a state to prescribe
conditions on which foreign corporations may transact business
within its limits, it cannot be admitted to extend so far as to pro-
hibit or regulate commerce among the states; for that would be
to invade the jurisdiction which, by the terms of the Constitu-
tion of the United States, is conferred exclusively upon Con-
gress. In the present case the construction claimed for the Con-
stitution of Colorado, and the statute of that state passed in ex-
ecution of it, cannot be extended to prevent the plaintiff in error,
a corporation of another state, from transacting any business in
Colorado which of itself is commerce. The transaction in ques-
tion was clearly of that character. It was the making of a con-
tract in Colorado to manufacture certain machinery in Ohio, to be
there delivered for transportation to the purchasers in Colorado.
That was commerce; and to prohibit it, except upon conditions, is
to regulate commerce between Colorado and Ohio, which is with-
in the exclusive province of Congress. It is quite competent, no

doubt, for Colorado to prohibit a foreign corporation from acquiring a domicile in that state, and to prohibit it from carrying on within that state its business of manufacturing machinery. But it cannot prohibit it from selling in Colorado, by contracts made there, its machinery manufactured elsewhere, for that would be to regulate commerce among the states."

In *Ware et al. v. Hamilton Brown Shoe Co.*, 92 Ala. 145, 9 South. 136, it was said:

"The bill avers that Ware was merchandising in Alabama, that complainant's debt is due for shoes sold and shipped to him from its factory in St. Louis, Mo. For such a liability it can make no difference whether the contract for the purchase of the shoes was made in Alabama and the shoes were to be shipped from St. Louis, or whether the terms of the purchase were agreed upon in St. Louis. Article 14, sec. 4, of the Constitution of Alabama, and the Act of the Legislature of 1886-87, pp. 102, 104, were not intended to interfere with matters of commerce between the states, and do not apply in cases like the present."

Other Alabama decisions to the same effect are *Cook et al. v. Rome Brick Co.*, 98 Ala. 409, 12 South. 918; *Culberson v. American Trust & Banking Co.*, 107 Ala. 465, 19 South. 34; *Beard v. Union & Am. Pub. Co.*, 71 Ala. 60. The Constitution of the United States having given to Congress the power to regulate commerce, not only with foreign nations but among the several states, that power is necessarily exclusive whenever the subjects of it are national in their character, or admit of only one uniform system or plan of regulation. *Robbins v. Taxing District of Shelby County, supra; Hannibal, etc., Ry. Co. v. Husen,* 95 U. S. 465, 24 L. Ed. 527; *Philadelphia, etc., Ry. Co. v. Commonwealth,* 15 Wall. 232, 21 L. Ed. 146.

There can be no question but that the transaction involved was one affecting interstate commerce, and therefore one not affected by our Constitution or statutes. 19 Cyc. 1275.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.