## J. P. BLEDSOE & SON v. W. B. YOUNG SUPPLY CO.

No. 3833. Opinion Filed January 19, 1915.

(145 Pac. 1125.)

1. **CORPORATIONS — Foreign Corporations — "Transacting Business"—Action.** An action for debt in a court of this state is not "transacting business," within the meaning of the inhibition of the Laws of 1909, pp. 147, 148, effective June 10, 1909 (sections 1335-1341, Rev. Laws 1910), against a noncomplying foreign corporation's right to sue in a court of this state.

2. **COMMERCE—Foreign Corporations—Right to Sue—Interstate Transactions.** Laws of 1909, pp. 147, 148, effective June 10, 1910 (sections 1335-1341, Rev. Laws 1910), specifying certain conditions precedent to a foreign corporation's right to sue in the courts of this state, do not apply to a foreign corporation in an action for debt arising out of an interstate commercial transaction.

3. **SAME—Sale of Goods.** A foreign corporation, which has sold and delivered to a resident of this state goods f. o. b. Kansas City, Mo., upon the latter's mail order from this state, may sue in a court of this state for the purchase price, notwithstanding it has failed to comply with the provisions of the Laws of 1909, pp. 147, 148, effective June 10, 1909 (sections 1335-1341, Rev. Laws 1910), prohibiting such corporations from transacting business and denying them the right to sue in any court in this state unless they shall file their articles of incorporation with the Secretary of State, paying the fees re-

quired by law, and appoint a resident citizen agent at the State Capital upon whom service of process may be made in any action to which such corporation is a party.

(Syllabus by Thacker, C.)

*Error from County Court, Stephens County;*

*W. H. Admire, Judge.*

Action by the W. B. Young Supply Company, a foreign corporation, against J. P. Bledsoe & Son, on account for goods sold. Judgment for plaintiff, and defendant brings error. Affirmed.

*Gilbert, Riley & Bond,* for plaintiff in error.

*D. M. Smith* and *F. B. Allen,* for defendant in error.

Opinion by THACKER, C. Plaintiff in error will be designated as "defendant," and defendant in error as "plaintiff," in accord with their respective titles in the trial court.

The only question which requires consideration in this case is as to whether the plaintiff, a Missouri corporation with place of business at Kansas City, in that state, which has not complied with Laws 1909, pp. 147, 148, effective June 10, 1909 (sections 1335-1341, Rev. Laws 1910), requiring foreign corporations to file their articles of incorporation with the Secretary of State, paying the fees required by law, and appoint a resident citizen agent at the State Capital upon whom service of process in any action to which such corporation is a party may be made, before transacting any business in the state as a condition precedent to its right to maintain any action in any court of the state, may sue in a court of this state and recover of the defendant $298.93, with interest, aggregating $340.80 at the date of the judgment therefor in its favor in the trial court, owing and due on account of three several sales and shipments, f. o. b. Kansas City, of plumbing and steam supplies which the defendant, a copartnership of Marlow, Okla., ordered and purchased by interstate mail, notwithstanding plaintiff's failure to comply with said laws.

The indebtedness sued for arose out of an interstate commercial transaction, the present action itself is not a transaction of business within the meaning of such inhibition (*Freeman-Sipes Co. v. Corticelli Silk Co.,* 34 Okla. 229, 124 Pac. 972), and, the exclusive power to regulate commerce between the states being vested by the federal Constitution in Congress, the said state laws cannot and do not attempt to penalize nor to otherwise derogatively affect plaintiff's right to sue for this debt, and such right is not subject thereto in an action arising out of such interstate transaction of business. *Fruit Dispatch Co. v. Wood et. al.,* 42 Okla. 79, 140 Pac. 1138.

For the reasons stated, the judgment of the trial court should be affirmed.

By the Court: It is so ordered.