## M. D. WELLS CO. v. V. J. HOWARD & CO.

No. 4892.    Opinion Filed July 27, 1915.

Rehearing Denied September 7, 1915.

(151 Pac. 616.)

**COMMERCE—Interstate Commerce—What Constitutes.** A foreign corporation, engaged in the manufacture and sale of shoes, is engaged in interstate commerce, and is not denied the privileges of suing in the courts of Oklahoma upon contracts of sale made with citizens of this state on account of its failure to comply with the provisions of article 9, c. 15, Rev. Laws 1910.

(Syllabus by Galbraith, C.)

*Error from District Court, Carter County;*
*Stillwell H. Russell, Judge.*

Action by the M. D. Wells Company against V. J. Howard & Co. Judgment for defendant, and plaintiff brings error. Reversed.

*Potterf & Walker,* for plaintiff in error.

*Sigler & Howard,* for defendant in error.

Opinion by GALBRAITH, C. The M. D. Wells Company, an Illinois corporation, with offices at Chicago, commenced this action against V. J. Howard & Co., residents of Carter county, Okla., to recover the balance due on an account for merchandise sold and delivered. There was a trial to the court and a jury, and at the close of the evidence the court discharged the jury, and rendered judgment in favor of the defendant, and made special findings of fact and conclusions of law. To review this judgment an appeal has been perfected to this court.

The M. D. Wells Company, a corporation, was engaged in the manufacture and sale of shoes in the city of Chicago, State of Illinois, and one of its agents resided at Sherman, Tex. This agent sold various retail merchants throughout the State of Oklahoma, the sales being made by samples and upon orders taken and forwarded to the company at Chicago for approval, and, if approved, the goods were shipped out to each purchaser. The issues and the testimony are disclosed by the findings of fact made by the trial judge as follows:

"The court finds that M. D. Wells Company, the plaintiff in this cause, is a corporation organized by virtue of the laws of the State of Illinois, with its home office and place of business in the city of Chicago, Ill., and that said corporation has been engaged in the manufacture of boots and shoes in the said city, in said state,

and also engaged in the selling of boots and shoes to merchants throughout the country, and that at the time of the transaction with these defendants the said plaintiff had 200 or 300 customers amongst the retail merchants of the State of Oklahoma; that the defendants, V. J. Howard & Co., had two retail stores, one at Mannsville, Johnston county, Okla., and one at Durwood, Carter county, Okla., and amongst other merchandise kept by said defendants in their stores were boots and shoes. The court finds that the plaintiff, M. D. Wells Company, had a traveling salesman representing them in the State of Oklahoma by the name of W. M. Caroway, who resided at Sherman, Tex.; that the said Caroway, in the pursuit of his occupation as traveling salesman, sold two or three bills of boots and shoes to the defendants, V. J. Howard & Co., by taking defendants' order for said shoes and sending said order to the place of business of plaintiff at Chicago, Ill., to be approved by said plaintiff, and, if approved, the goods to be shipped directly from Chicago, Ill., to the defendants at Durwood and Mannsville, Okla.; that the last bill of goods shipped to defendants by plaintiff was in the month of January, 1911, which bill matured on the 1st day of April, 1911; and that the defendants, V. J. Howard & Co., owe the plaintiff for said merchandise a balance of $477.91, together with legal interest from the maturity of said account on the 1st day of April, 1911. Defendants interpose a defense on the ground of a breach of warranty of the quality of said merchandise, but the court finds from the evidence that this proposition is not established, from the fact that the evidence does not disclose any warranty for which the defendants [plaintiffs] are in any way liable. The court further finds, from the admission of plaintiff and from the testimony of the Secretary of State and the testimony of the vice president and the credit man of plaintiff corporation, that the corporation of M. D. Wells Company has never complied with the laws of Oklahoma by filing a duly authenticated copy of its charter or articles of incorporation and by paying the fees required by the laws

of Oklahoma, nor by appointing an agent who is a resi-
dent and citizen of the state, residing at the state capital,
upon whom service of process may be made in any action
in which said corporation is a party. The court further
finds that the defendants' answer specifically interposes
the defense that plaintiff is a foreign corporation and has
not complied with the laws of the state, and defends the
suit on this ground. The court of his own motion takes
the case from the jury and instructs a verdict for the
defendants."

The court's conclusions of law upon these findings
are as follows:

"The court finds, from chapter 20, article 20, of Sny-
der's Compiled Laws of the State of Oklahoma, that a
foreign corporation, such as this plaintiff is admitted to
be, cannot maintain an action in the courts of the State
of Oklahoma without having first complied with the law
by filing a duly authenticated copy of its charter or arti-
cles of incorporation, and paying the fees required by
law, and by its certificate under the hand of the president
and seal of the company appointing an agent who is a
citizen of the state, residing at the state capital, upon
whom service or process may be made. The court finds
that sections 1541, 1542, and 1543 of said chapter and
article of Snyder's Compiled Laws of Oklahoma took
effect March 22, 1909, and that these sections mentioned
change the law from what it was prior to that date, and
that by reason thereof a foreign corporation selling mer-
chandise to merchants in this state, as this plaintiff did
to these defendants, cannot maintain an action in the
courts of the State of Oklahoma, to enforce any claims
that it might have by reason of the selling of said mer-
chandise. To which conclusions of law the plaintiff duly
excepted and still excepts."

The principal error assigned is that the court erred
in its conclusions of law, and that the judgment rendered
is therefore contrary to law. It is clear from the findings

of ·fact made by the court, which are fully supported by the evidence, that the plaintiff in error was engaged in interstate commerce.   It follows, from the repeated decisions of this court, that it could not, therefore, be de-. nied the privilege of suing in the courts of this state upon its contracts made in carrying on its regular business. *Freeman-Sipes Co. v. Corticelli Silk Co.*, 34 Okla. 229, 124 Pac. 972; *Chicago Crayon Co. v. Rogers*, 30 Okla. 299, 119 Pac. 630; *Kibby·v. Cubie Heimann Co.*, 41 Okla. 116, 137 Pac. 352; *Dr. Koch Vegetable Tea Co. v. Shumann et al.*, 42 Okla. 60, 139 Pac. 1133.   It therefore follows that th:s assignment is well taken and must be sustained.

Inasmuch as the balance due upon the account in suit was admitted, and the defense was that it could not be collected by reason of the statute referred to, and· as that contention was a mistaken view .of the law, we recommend that the judgment below be reversed, and, said cause be remanded, with directions to the trial court to enter judgment in favor of the plaintiff in error and .against the defendants in error for the balance due on the account, with legal interest thereon from the date it was. due.

By. the Court:   It is so ordered.