## FIRST NAT. BANK OF CLAREMORE v. STALLINGS et al.

No. 9181—Opinion Filed Nov. 19, 1918.

Rehearing Denied Jan. 21, 1919.

(177 Pac. 373.)

### Bills and Notes—Carriers—Draft with Bill of Lading Attached—Title to Goods—Title to Proceeds.

Where the drawer of a sight draft, with bill of lading attached, indorses the same and delivers it to the bank in regular course of business and receives credit for the amount thereof, which is checked out the following day, such transaction operates to pass the title to the property called for by the bill of lading to the bank, and where such bank forwards the draft to its correspondent at the place where the drawee resides for collection, and the same is presented and paid, the proceeds of the draft belong to the forwarding bank.

(Syllabus by Galbraith, C.)

Error from District Court, Pittsburg County; R. W. Higgins, Judge.

Action by Thomas J. Stallings and Davis Stallings, doing business under the name of Stallings & Son, against the Claremore Mill & Elevator Company, in which the First National Bank of Claremore intervened. Judgment for plaintiffs against defendant and intervener, and the intervener brings error. Reversed and remanded, with directions to enter judgment for intervener.

Harris, Howard & Nowlin and H. Tom Kight, for plaintiff in error.

W. J. Hulsey, for defendants in error.

Opinion by GALBRAITH, C. Stallings & Son, merchants at Hartshorne, Pittsburg county, Okla., commenced an action in the superior court of Pittsburg county against the Claremore Mill & Elevator Company, a domestic corporation with principal office at Claremore, in Rogers county, Okla., alleging that the defendant was indebted to them in damages by reason of the breach of contract for the shipment of mill products in the sum of $425, alleging that the defendant was a nonresident of the county, and filed an affidavit of garnishment against the First National Bank of Hartshorne, alleging that is was the custodian of funds belong-

ing to the defendant. Summons was issued for the defendant and service thereof made in Rogers county. The First National Bank of Claremore intervened in the action and alleged that it was the owner of the funds garnished and that same did not belong to the defendant.

Issue was joined, and the cause was transferred to the district court, and, a jury being waived, the cause was submitted to the court on two questions:

First. Whether or not the money held by the garnishee belonged to the intervener or to the defendant at the time of the service of garnishment on September 16, 1913.

Second. If it was found that the money belonged to the intervener, whether or not the court had jurisdiction in the case under the pleadings filed.

At the close of the evidence and the argument, the court, without making any specific findings of fact, found that the intervener should take nothing by reason of its plea of intervention, and in favor of the plaintiff and against the defendant, and directed that the funds held by the garnishment be paid into court.

The intervener appealed and urges a reversal of the judgment on the ground that the court erred as a matter of law in failing to find that the funds in controversy belonged to the intervener. There is no controversy as to the law between the counsel in this case, but there is a slight disagreement as to the facts. The defendant in error contends that, this being a law case, the facts were submitted to the court for determination, and that the finding, being supported by the evidence, is conclusive and not subject to review; that, the court having found that the money in controversy belongs to the defendant and not to the intervener, that finding is final.

It is contended on behalf of the plaintiff in error that, as a matter of fact, the court did not so find, and that, if such finding was actually made, it is not supported by the evidence and should for that reason be set aside. It does not appear from the record, other than by inference, that the court made any finding on the question of fact submitted to it, namely, as to the ownership of the money in controversy.

The facts disclosed by the evidence were, in brief, as follows:

That the Claremore Mill & Elevator Company, the defendant below, was a customer of the First National Bank of Claremore, the intervener; that on the 8th day of October,

1913, the mill company presented to the bank a draft for $420 drawn on Stallings & Son at Hartshorne, to which was attached a bill of lading issued by the railroad company for the shipment of certain mill products from Claremore to Hartshorne for delivery to Stallings & Son, drawees of the draft; that the bank gave the mill company credit on its account for the face of the draft, and on the day following the mill company checked the money out of the bank and had an overdraft amounting to several hundred dollars, and that its account from that date to the 16th day of October, when the garnishment summons was served on the Hartshorne Bank, was overdrawn; that the bank forwarded the draft to the First National Bank of Hartshorne for collection and remittance to it; that the draft was paid by the payees when presented, but before the proceeds thereof were remitted to the forwarding bank at Claremore, the garnishment summons was served upon the bank at Hartshorne; that the money in controversy was the proceeds of the draft so drawn and forwarded.

It is contended on behalf of the plaintiff in error that, under these facts, the intervener as a matter of law was the purchaser of said draft in due course, and that the title to the property described in the bill of lading passed to it, and that the proceeds of the draft belonged to it; that the judgment of the trial court is not supported by the evidence and is contrary to law and should be vacated and judgment directed to be entered in its favor.

It is admitted in the brief of the defendant in error that the law applicable and controlling was announced by the Supreme Court of the Territory in Morrison & Co. v. Farmers' & Merchants' Bank of Los Angeles, 9 Okla. 697, 60 Pac. 273, and was followed and affirmed by this court in Forbes v. First National Bank of Enid, 21 Okla. 206, 95 Pac. 785; Wood v. Stickle et al., 36 Okla. 592, 128 Pac. 1082; State National Bank of Oklahoma City v. Wood, 43 Okla. 251, 142 Pac. 1002; Marsh Mill & Grain Co. v. Guaranty State Bank of Ardmore, 69 Okla. 222, 171 Pac. 1122, L. R. A. 1918D, 704.

Under the law as announced in these decisions, the judgment of the trial court cannot be sustained.

An examination of the facts convinces us that the finding of the trial court, if in fact he made such finding, finds no support in the evidence, and a consideration of the law applicable constrains us to hold that the money in controversy belonged to the First Na-

tional Bank of Claremore, and that the judgment of the trial court to the contrary was error. We therefore conclude that the judgment appealed ·from should be vacated, and the cause remanded to the trial court, with directions to enter judgment in favor of the intervener for the funds in controversy and for its costs.

By the Court: It is so ordered.