## MITCHELSON v. COMMERCIAL INVESTMENT TRUST.

No. 12731—Opinion Filed Jan. 22, 1924.

1. **Replevin—Measure of Damages for Detention of Automobiles.**

The measure of damages for the wrongful detention of two automobiles is the usable value thereof during the time they were wrongfully detained.

2. **Same—General and Special Damages.**

There are two elements of damages that may be recovered in an action of replevin: First, general damages, which flow as a necessary result from the detention of the property, the result of the unlawful detention; second, special damages, which are incidental and are peculiar to the special case.

3. **Same—Instruction.**

Where the court instructed the jury that the measure of damages was the market value of the property at the time it was taken, plus the usable value of the property during the time it was kept out of possession, and in a suit for replevin of two automobiles, where the defendant gives a redelivery bond and retains possession of the property, the measure of damages is the value of the property at the commencement of the suit and its usable value during the time the plaintiff was kept out of possession of same, and where the court instructed the jury to that effect, it was not error.

4. **Appeal and Error—Questions of Fact—Verdict in Replevin.**

Where there is an issue of fact in a replevin suit as to the value of the property and its usable value, and the evidence is introduced by both plaintiff and defendant as to the value of the property at the commencement of the suit, and its usable value during the time plaintiff had been kept out of possession, this raises a question of fact for the jury, and its findings as to the value of the property at the time it was taken and the usable value since the commencement of the suit will not be disturbed where there is any evidence to support same.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Ottawa County; S. C. Fullerton, Judge.

Action by Commercial Investment Trust against Hal Mitchelson. Judgment for plaintiff, and defendant appeals. Affirmed.

W. R. Chestnut, for plaintiff in error.

Shannon & Shannon, for defendant in error.

Opinion by MAXEY, C. This suit was brought to recover possession of two Studebaker automobiles. The defendant, Hal Mitchelson, bought the two automobiles in question from the L. E. L. Motor Company, who were dealers in automobiles, at Commerce, Ottawa county, Okla. A cash payment was made and notes of $250 each were given for the deferred payments, one of each of said series of notes maturing on the first day of the month following the date of purchase. The first of said notes was for $250, payable on or before Febuary 1, 1918. The notes for February, March, April, May, June, and July were paid, but default was made in the payment of the note due August 1. The L. E. L. Motor Company, right after the sale of said automobiles and the taking of the notes and a conditional sale contract from Mitchelson, transferred all of said promissory notes and the conditional sale contract accompanying same to the plaintiff, Commercial Investment Trust, which is a trust organized under the laws of the state of Massachusetts. After the note of August 1, 1918, became due and in default, the Commercial Investment Trust commenced this suit under the conditional sale contract to recover the automobiles so that they might foreclose their lien on same for the balance of the purchase price of said automobiles. The defendant in his answer admitted giving said notes and entering into this conditional sale contract for the purchase of certain Studebaker cars described in plaintiff's petition, admitting that he gave to the L. E. L. Motor Company his promissory notes as set out in petition of plaintiff, but denies the L. E. L. Motor Company before maturity of said notes delivered to the plaintiff the sale contract and the notes referred to for valuable consideration; denies that the plaintiff, Commercial Investment Trust, is an organization of trust as pleaded by plaintiff; and denies that as such trust it has authority to purchase, hold, and collect notes, such as described herein, and to bring suit for that purpose; and denies that plaintiff was entitled to possession of the automobiles sued for; and denies that plaintiff has been damaged in any sum whatever by reason of defendant refusing to deliver said automobiles upon demand.

The case was tried to the court and a jury, and the plaintiff introduced evidence of its

existence as a trust, introduced the trust agreement and evidence tending to show that it had complied with the law of the state of Massachusetts regulating the organization of trusts; and that it purchased the notes and contract from the L. E. L. Motor Company in due course of business; and that the same was duly assigned to it for a valuable consideration, and that it was at the time of the commencement of this suit the owner of said notes and sale contract, and it further introduced evidence showing the value of the automobiles at the time they were replevied, and at the time of the trial. The only evidence offered by the defendant was as to the value of the automobiles at the time they were replevied and the date of the trial. The defendant had given a redelivery bond and kept possession of the automobiles. The court instructed the jury on the law, and the jury returned a verdict in favor of the plaintiff for the value of the automobiles at the time they were replevied and damages for the detention. A motion for new trial was filed and overruled, time taken to prepare case-made, and the case in due course filed in this court.

There are two questions raised by plaintiff in error's brief that will be necessary to dispose of. The first is that the plaintiff was at least a de facto corporation, and that it not having complied with sections 5432, 5433, 5434, Comp. Stat. 1921, regulating foreign corporations doing business in this state, it could not maintain this action. This question has been passed on too often by this court to give this contention serious consideration. Freeman-Sipes Co. v. Corticelli Silk Co., 34 Okla. 229, 124 Pac. 972; Kibby v. Cubie, Heimann & Co., 41 Okla. 11, 137 Pac. 352; Dr. Koch Vegetable Tea Co. v. Shuman, 42 Okla. 60, 139 Pac. 1133; Fruit Dispatch Co. v. Wood, 42 Okla. 79, 140 Pac. 1138; Bledsoe & Son v. Young Supply Co., 44 Okla. 611, 145 Pac. 1125; Wells Co. v. Howard Co., 50 Okla. 780, 151 Pac. 479. It will be seen from examination of the foregoing authorities that the kind of business plaintiff was doing in this state was not such as to require it to comply with the foregoing statute. The other point raised by counsel for plaintiff in error in his brief was the instruction of the court on the measure of damages. Counsel have not complied with the rules of this court by setting out the instructions complained of, and it is not entitled to be noticed at all. But an examination of 34 Cyc., paragraph 4, page 1564, and the cases cited from a number of states on the measure of damages in replevin suits, will show that the instruction of the court was in harmony with the rule in other states of the Union,

and there was no error in the instruction.

Plaintiff in error also complains that the verdict of the jury in finding the value of the cars $1,100, and the damage for the detention $400 was excessive and not supported by the testimony. The plaintiff in error, defendant below, gave a redelivery bond in which he fixed the value of the two cars at $666.33 1-3 each, and gave bond accordingly. The evidence of witnesses on the trial varied somewhat as to the value of the cars, but the matter was fairly submitted to the jury, and the jury found the value of the cars and the damages for detention, and the verdict will not be disturbed in this court. We have carefully examined the briefs of counsel and read the entire testimony, and we think the case fairly tried and the verdict of the jury is supported by the testimony, and that the judgment of the trial court should be affirmed.

On appeal to this court from a judgment of the district court of Ottawa county, a supersedeas bond was filed, executed by the plaintiff in error, Hal Mitchelson, as principal, and C. A. Veteto and J. E. Smith, as sureties, to stay execution of said judgment, and the defendant in error has asked for judgment against the sureties on the supersedeas bond, and to which no response has been made. The motion must be sustained. The judgment of the trial court was rendered on the 28th day of March, 1921, in the sum of $1,500, which judgment should bear interest at the rate of six per cent. from that date. Judgment, therefore, will be entered in this court against the sureties on the appeal bond, C. A. Veteto and J. E. Smith, in the sum of $1,500, with interest thereon at the rate of six per cent. per annum from the 28th day of March, 1921, and for costs, for which execution may issue.

By the Court: It is so ordered.