## DIME SAVINGS & TRUST CO. v. HUMPHREYS.

No. 25056.   Jan. 14, 1936.

A. K. Little and Walter M. Rainey, for plaintiff in error.

I. L. Cook and McCoy, Craig & Pearson, for defendant in error.

PER CURIAM. The parties will be referred to herein as they appeared in the lower court; that is, Dime Savings & Trust Bank, plaintiff in error, will be referred to as plaintiff, and J. M. Humphreys, defendant in error, will be referred to as defendant.

This action was filed April 7, 1930, on a note and to foreclose a mortgage securing the same, covering certain lands in Atoka county, Okla., executed by Amos Able and Dessie Able to Gum Bros. Company, dated January 24, 1920, due November 21, 1929, in the sum of $3,000, with interest at 6 per cent. per annum until due and 10 per cent. after maturity. The petition duly alleged the execution of said note and mortgage and the transfer of said note by written indorsement of the payee to the plaintiff; and that the amount due was $3,000, with interest at 10 per cent. per annum from November 1, 1929, $180, interest due November 1, 1929, with interest at 10 per cent. from that date, $10 abstract expense, $300 attorney's fee, and costs of suit; and asked for appointment of receiver. J. M. Humphreys, Harry M. Williams, and John R. Mills were made defendants, as successive grantees in the order named, who had accepted conveyances of said land containing an assumption clause, whereby each of them assumed and agreed to pay said mortgage. The execution of the deed by the original mortgagors to the defendant J. M. Humphreys was properly alleged in the petition, and a certified copy of said deed, containing the assumption clause, was attached to the petition as an exhibit. The defendant J. M. Humphreys filed his separate answer April 15, 1930, wherein he disclaimed any interest in the land involved, admitted that he purchased said land from the original mortgagor October 26, 1921, alleged he sold the same to Harry M. Williams, and that Williams sold same to John R. Mills, each assuming said mortgage, and asked that, if it were adjudged that he was liable to plaintiff in any sum by reason of the conditions of the deed executed to him, execution for any deficiency issue first against John R. Mills, then against Harry M. Williams, before issuing against him.

All the parties to the action having been served and the issues made as to those appearing, judgment was entered June 2, 1930, in favor of the plaintiff for the amount sued for, and foreclosure of its mortgage and sale of the mortgaged property, without appraisement, and directing the collection of the deficiency, if any, as requested by the defendant J. M. Humphreys, and confirmed the appointment of a receiver for the mortgaged property. Thereafter order of sale was issued and the property sold at foreclosure sale, without appraisement, to Albert Siihring for $1,800, and said sale was confirmed January 27, 1931. On November 5, 1931, defendant J. M. Humphreys filed his petition to vacate the judgment against him, on the ground that the attorneys whom he engaged to represent him were local counsel for the plaintiff, of which he had not been advised, and that they failed to look after his interests and keep him advised of the proceedings in the cause. Summons was served on the plaintiff, and upon plaintiff's default the personal judgment against the defendant J. M. Humphreys was vacated on January 4, 1932.

The defendant filed another answer, consisting, first, of an unverified general denial; second, an allegation that the assumption clause in the deed to the defendant was without consideration, and for the benefit of his grantor only; and, third, that plaintiff was an Illinois corporation, and had not filed a record of its charter with the Secretary of State of Ok'ahoma, and had not designated a service agent in this state, and was without authority to maintain the action. The plaintiff's demurrer to the second and third defenses in said answer was overruled, and plaintiff filed its reply, consisting of a general denial of the allegations in the answer.

The cause came on for trial April 28, 1933. Upon the plaintiff's first offer of evidence,

defendant objected to the introduction of any evidence, for the reason that the plaintiff was a foreign corporation not qualified to do business in the state of Oklahoma, and said objection to the introduction of any evidence by the plaintiff was sustained. Plaintiff requested and was granted leave to complete the record, and offered in evidence the original note, bearing the indorsement of the payee to the plaintiff, the original mortgage, and a certified copy of the deed from the original mortgagors to the defendant J. M. Humphreys. Defendant introduced a letter dated January 26, 1933, from the Assistant Secretary of State of Oklahoma, stating that she found no record in the office of the Secretary of State of Dime Savings & Trust Company, and a telegram to the same effect, dated November 3, 1931. Plaintiff moved for judgment. Its motion was overruled, and exceptions saved. Plaintiff filed a timely motion for new trial, alleging the following causes therefor:

(1) Error of the court in sustaining objection of the defendant J. M. Humphreys to the introduction of evidence by the plaintiff.

(2) That the judgment of the court is not sustained by sufficient evidence, and is contrary to law.

(3) Error of the court in refusing to render judgment for the plaintiff on the evidence.

The motion of the plaintiff for new trial was overruled, and plaintiff duly filed its appeal.

The plaintiff assigns as error the overruling of its motion for a new trial, and the assignments of error therein contained are considered in their order.

The trial court erred in sustaining objection of the defendant to the introduction of any evidence by the plaintiff.

It was neither pleaded nor proved that the plaintiff was "transacting business" in the state of Oklahoma. In order for defendant to successfully rely upon section 5438, C. O. S. 1921 (sec. 135, O. S. 1931), as a bar to the plaintiff's maintaining this action, the defendant had the burden of pleading and proving that the plaintiff was transacting business in the state of Oklahoma, without complying with sections 5432 and 5433, C. O. S. 1921. Standard Stock Food Co. v. Jasper (Kan.) 92 P. 1094; Monaghan & Murphy Bank v. Davis (Ariz.) 234 P. 818; Barnett v. Aetna Explosives Co., Inc., 96 Okla. 132, 220 P. 874; Mitchelson v. Commercial Inv. Trust, 97

Okla. 98, 222 P. 663. There is nothing in the record to disclose that the note and mortgage sued on was purchased by the plaintiff in Oklahoma. Had the evidence shown that they were so purchased, it would have been insufficient as proof that the plaintiff was "doing business in Oklahoma." An isolated transaction does not constitute transacting business within the purview of the above-mentioned statutes. Barnett v. Aetna Explosives Co., Inc., 96 Okla. 132, 220 P. 874.

The only remaining question is whether the plaintiff's motion for judgment should have been sustained. The record shows that this motion was made before the case was closed as to the evidence offered, and, for that reason, was properly overruled, if considered as a motion for judgment upon all of the evidence.

If said motion is considered as a motion for judgment upon the pleadings, it would have been good, if the amount due could have been ascertained from the whole record before the court. The answer states no defense to the plaintiff's action, except the $10 abstract expense, which is put in issue by the general denial. The general denial did not put in issue the execution of the note and mortgage, the indorsement of the note, or the execution of the deeds attached to the plaintiff's petition. Kimble v. Bunny (Kan.) 60 P. 746; Commonwealth Natl. Bank v. Baughman, 27 Okla. 175, 111 P. 332; Caldwell v. Baxter, 158 Okla. 76, 12 P. (2d) 509. The so-called second defense in the answer stated no defense, for the reason that the execution and delivery of the deed to the defendant was sufficient consideration for the assumption of the mortgage. Cushing v. Cummings, 72 Okla. 176, 179 P. 762.

The so-called third defense, i.e., that plaintiff was a foreign corporation and had not qualified to do business in the state of Oklahoma, stated no defense, for the reasons heretofore given.

This court takes judicial notice of the entire record before it in this case. The record shows that there had been a receiver appointed for the mortgaged property, but the record does not show any report by the receiver, or whether he had collected any funds to be applied on the mortgage debt. This court cannot, therefore, with certainty determine from the record before it the amount which plaintiff is entitled to recover from the defendant, and accordingly the case must be remanded.

It is, therefore, ordered that this cause be

reversed and remanded to the trial court for further proceedings in accordance with this opinion.

The Supreme Court acknowledges the aid of Attorneys W. A. Daugherty, J. C. Denton, and Forrest M. Darrough in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Daugherty and approved by Mr. Darrough, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter. upon consideration, this opinion was adopted.

McNEILL. C. J., OSBORN, V. C. J., and RILEY, BUSBY, and PHELPS, JJ., concur.