## CENTRAL LIFE ASSURANCE SOCIETY (MUTUAL) v. TIGER et al.

No. 26528.    May 19, 1936.

Duff & Manatt and Steele & Boatman, for plaintiff in error.

Lafayette Walker, for defendants in error.

PER CURIAM. This is an appeal from the district court of Okmulgee county. The parties will be referred to as they appeared in the trial court. On October 19, 1933, the Illinois Life Insurance Company commenced this action for judgment on a note and to foreclose a real estate mortgage given by Johnson E. Tiger and Lena E. Tiger to the Exchange Trust Company on September 5, 1925, and assigned to the Illinois Life Insurance Company on December 1, 1925. After commencement of the action, plaintiff filed a motion for substitution of plaintiff setting up that the Illinois Life Insurance Company had sold its interest in the note and mortgage sued on to the Central Life Assurance Society (Mutual), a corporation, of the city of Des Moines, county of Polk, state of Iowa, and asking that the Central Life Assurance Society (Mutual) be substituted as party plaintiff. On March 26, 1934, the court ordered the substitution.

The petition was in the usual form for this type of action. The answer of defendants, after a general denial, specifically denied that plaintiff was the owner and holder of the note sued on, and as an affirmative defense alleged that the contract sued on was void and unenforceable for the reason that plaintiff was a foreign corporation not organized for religious or charitable purposes and had not domesticated in Ok'ahoma as required by law by filing in the office of the Secretary of State a certified copy of its articles of incorporation and appointing a service agent, and that therefore plaintiff was doing business in Oklahoma in violation of law.

Defendants relied on sections 130, 131, 132, and 9738, Oklahoma Statutes, 1931, providing as follows:

"130. Resident Agent for Service of Process to be Appointed—Action May Be Brought in County Where Cause Arose. Every foreign corporation shall, before it shall be authorized or permitted to transact business in this state or continue business therein, if already established, by its certificate under the hand of the president and seal of the company, appoint an agent who shall be a citizen of the state and reside at the State Capitol, upon whom service of process may be made in any action in which said corporation shall be a party; and action may be brought in any county in which the cause of action arose, as now provided by law. Service upon said agent shall be taken and held as due service upon said corporation and such certificate shall also state the principal place of business of such corporation in this state, with the address of the resident agent.

"131. Appointment Recorded by Secretary of State—Fee—Evidence of Appointment—Report to Governor. A duly authenticated copy of the appointment and commission of such agent shall be filed and recorded in the office of the Secretary of State, for

which a fee therefor of one dollar shall be paid to the Secretary and a like fee of one dollar for each subsequent appointment of any agent so filed. A certified copy of the appointment of said agent under the hand and seal of the Secretary of State shall be sufficient evidence of the appointment of said agent in any court. The Secretary of State shall prepare a list for distribution giving the names of all corporations with the name of their agent, showing the address of the agent by street and number, and shall include the same in his biennial report to the Governor.

"132 Contracts Invalid Where Article not Complied With. If any such foreign corporation shall fail to comply with the foregoing provisions of this article, all its contracts with citizens of this state, entered into after the approval of this article, shall be void as to the corporation, and no court of this state shall enforce the same in favor of the corporation."

"9738. Foreign Corporation Must File Copy of Charter. No foreign corporation, except created solely for religious or charitable purposes, shall transact business within this state until it shall have filed in the office of the Secretary of State, a certified copy of its charter or articles of incorporation, which shall be recorded in a book to be kept by the Secretary of State for that purpose, and shall have paid the fees required by law."

On the trial of this cause in the lower court plaintiff offered in evidence its note, real estate mortgage, assignment of mortgage, and certified copy of the license issued by the Insurance Commissioner to the Illinois Life Insurance Company to transact a life insurance business in the state of Oklahoma from March 1, 1925, to February 28, 1926; certified copy of a similar license to the Illinois Life Insurance Company to transact a life insurance business in the state of Oklahoma from March 1, 1932, to February 28, 1933; certified copy of license from the Insurance Commissioner to the Central Life Assurance Society (Mutual) to transact a life insurance business in the state of Oklahoma from March 1, 1934, to February 28, 1935, and certified copy of the appointment of the Insurance Commissioner as attorney for service of process for each of said companies.

The defendants offered in evidence canceled notes given in connection with the original mortgage which showed payment of same to have been made to the Exchange Trust Company of Tulsa and various correspondence, all showing the Exchange Trust Company to have acted as agent of the plaintiff in the collection of the mortgage. The defendants also offered in evidence the deposition of Una Lee Roberts, Assistant Secretary of State, who testified that the Illinois Life Insurance Company had not filed its articles of incorporation or a certified copy of its charter in the office of the Secretary of State, nor had it filed any appointment of service agent with said office. On the trial of the cause the court found the issues in favor of the defendants and rendered judgment for the defendants against the plaintiff and the substituted plaintiff for the costs of the action, denying the plaintiff and substituted plaintiff any relief whatever in the case.

Motion for new trial was filed in due course and overruled, and appeal perfected.

Thereafter and before the docketing of the appeal in this court, Johnson E. Tiger died and the cause was revived in the name of Lena E. Tiger, widow of Johnson E. Tiger, deceased. Ethan Allen Tiger and Kenneth Tiger, sons of Johnson E. Tiger, deceased, and Juana Mae Tiger and Mrs. Baptiste Shunatona, daughters of Johnson E. Tiger, deceased, on a showing that they were all of the heirs of Johnson E. Tiger, deceased.

The decision of the trial court is apparently based upon the premise that the plaintiff and substituted plaintiff had not domesticated in the state of Oklahoma as required by statute by filing certified copy of their articles of incorporation or of their charter with the Secretary of State, and filing an appointment of service agent in the same office, and that said companies were doing business in the state of Oklahoma in violation of law and were therefore not entitled to maintain any action in the courts of this state.

The plaintiff appeals from this order upon two propositions: First, that the record fails to show the plaintiff or substituted plaintiff to be doing business within the state of Oklahoma within the meaning of the statute; and second, that the plaintiff and substituted plaintiff had fully qualified under the laws of the state of Oklahoma to do business within the state. These propositions appear to be sustained by the record.

This court has previously held that the doing of a single act of business in the state does not constitute the doing of business within the meaning of the statutes regulating foreign corporations. See Fuller v. Allen, 46 Okla. 417, 148 P. 1008; Dennison v. Phipps, 87 Okla. 299, 211 P. 83. These cases seem to be in accord with the weight of authority

as shown by the decisions of other state courts and the federal courts.

There being no proof in the record of any acts of business by the plaintiff or substituted plaintiff except the single transaction involved in this case, the proof of the defendants in this regard was insufficient.

Further, the institution and prosecution of a suit in the state courts by a foreign corporation is not doing business within the definition of the statutes, so that the plaintiff had a right to maintain its suit in the state court. See Freeman-Sipes Co. v. Corticelli Silk Co., 34 Okla. 229, 124 P. 972.

As to the second proposition raised by the plaintiff, the defendants contend that the license from the Insurance Commissioner to transact life insurance business limits the plaintiff to the issuance of life insurance policies and does not extend to the investment of money within the state of Oklahoma, and the taking of mortgages and other securities within the state. We cannot agree with this contention. The investment of its funds is an integral part of the life insurance business and of equal importance with the issuance of life insurance policies.

In addition to the general corporation laws herein cited, the Legislature has seen fit to place certain corporations under special supervision. Section 10474, Oklahoma Statutes, 1931, places foreign insurance companies under the jurisdiction of the Insurance Commissioner and requires these companies to file certified copy of their charter with the Insurance Commissioner and to appoint the Insurance Commissioner attorney for process. This is a compliance with the intended purpose of the general corporation statutes, and to require the plaintiff to comply with the provisions of both the general and special statutes would subject it to an unreasonable burden and serve no constructive purpose. The court has fully sustained the position of the plaintiff in this regard in the recent case of Carlin et ux. v. Prudential Insurance Company of America, 175 Okla. 398, 52 P. (2d) 721, holding therein that the authority of the insurance company to do business in the state was governed by section 10474, Oklahoma Statutes, 1931, and not by the general statutes.

The plaintiff and substituted plaintiff, having filed with the Insurance Commissioner certified copy of their charter and appointed the Insurance Commissioner as their attorney for process, fully complied with the requirements of the Oklahoma laws governing the admission of foreign insurance companies and were entitled to maintain this action.

The investment of its funds and the taking of security therefor is a proper part of the business of an insurance company, and the Illinois Life Insurance Company, by the taking of the assignment of the note and mortgage involved in this action, was not acting in excess of its authorized powers, as the company would have had the right to have made this loan and taken the mortgage direct from Johnson E. Tiger and Lena E. Tiger.

For the reasons stated, the judgment of the trial court is reversed, and the cause is remanded, with directions to enter judgment in accordance with the views herein expressed.

The Supreme Court acknowledges the aid of Attorneys Walter D. Hanson, Henry S. Griffing, and E. E. Blake in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Hanson and approved by Mr. Griffing and Mr. Blake, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

OSBORN, V. C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.