## UNIVERSAL OIL CORP. et al. v. FALLS RUBBER CO. OF AKRON, Inc.

No. 29677.   Jan. 28, 1941.

*110 P. 2d 296.*

Ray S. Fellows and Charles R. Fellows, both of Tulsa, for plaintiffs in error.

Fist, Dewberry & Bragg, of Tulsa, for defendant in error.

PER CURIAM.   On March 7, 1935, the plaintiff filed its action against the defendants to enforce liability arising upon an open account and a guaranty thereof, and on the 3rd day of April, 1936, judgment was rendered against the defendants in favor of plaintiff.

The sole question involved in this appeal is whether the plaintiff corporation was doing business within this state so that it was necessary to comply with section 130, O. S. 1931, 18 Okla. St. Ann. § 452. The evidence reveals that the plaintiff is a foreign corporation organized and existing under the laws of the state of Ohio; that it consigned a group of tires for use on automobiles and trucks to the defendant Universal Oil Corporation and that said consignment was guaranteed by the defendant L. B. Jackson. A written contract was entered into which, in effect, provided that periodical remittances should be made to the plaintiff corporation together with a statement of the account in detail showing for all practical purposes the indebtedness and credits existing between the parties. In addition to this the defendant Universal Oil Corporation was authorized to, and often did, issue a warranty bond guaranteeing the tires for various periods of time under stipulated conditions.

We are of the opinion, and hold, that the plaintiff corporation was not doing business in the state of Oklahoma, and therefore the plaintiff corporation did not have to comply with the provisions of section 130, O. S. 1931, 18 Okla. St. Ann. § 452. Dunn v. Birmingham Stove & Range Co., 170 Okla. 393, 44 P. 2d 86; Harrell v. Peters Cartridge Co., 36 Okla. 684, 129 P. 872, 44 L. R. A. (N. S.) 1094; Mortgage Bond Co. v. Stephens, 181 Okla. 182, 72 P. 2d 831.

The statutory provisions are not violated by a consignment of goods by a foreign corporation to a citizen of the domestic state to be sold on commission, under contract, and the proceeds accounted for under the terms of said contract. Harrell v. Peters Cartridge Co., supra.

Finding no error in the judgment of the trial court, the same is hereby affirmed.

WELCH, C. J., and RILEY, BAYLESS, GIBSON, and HURST, JJ., concur.