CUGLEY INCUBATOR CO. v. FRANKLIN.

No. 31025. Oct. 19, 1943.

*142 P. 2d 125.*

A. Francis Porta, of El Reno, for plaintiff in error.

Melton, McElroy & Vaughn, of Chickasha, for defendant in error.

PER CURIAM. This action, one in replevin, was instituted by Cugley Incubator Company, hereinafter referred to as plaintiff, against Frank Franklin, hereinafter referred to as defendant, to recover possession of two incubators, the title to which had been retained by the plaintiff under a conditional sales contract.

Plaintiff pleaded an interstate transaction whereby defendant, a resident of Oklahoma, had ordered two incubators from plaintiff, a corporation domiciled in Michigan, and that the goods had been shipped into Oklahoma pursuant to a conditional sales contract whereby defendant was to deliver to plaintiff a used incubator, receive a credit therefor, and to execute eight notes for $125 each as representing the balance due on said new incubators. Plaintiff further alleged that defendant had obtained possession of said incubators under said contract, had delivered the used incubator, had executed the notes and paid one of them and had refused to pay any of the other notes, and that thereupon plaintiff had elected to terminate the contract and to reclaim its property. Defendant, after general denial, as an affirmative defense alleged that plaintiff was doing business in the state without being authorized to do so and in violation of the statutes (18 O. S. 1941 §§ 451-457); therefore the contract was void and unenforceable. Plaintiff by reply denied the allegations so made and reiterated that the transaction was purely an interstate one. The issue drawn by the pleadings was whether the plaintiff was doing business in the state or was wholly engaged in interstate commerce. Trial was had to a jury. The evidence adduced at the trial was not in substantial conflict, and discloses, substantially, the following state of facts:

Plaintiff was domiciled at White Pigeon, Mich., and engaged in the manufacture of incubators at that point and in their sale in other states. On October 7, 1935, defendant gave to one of plaintiff's traveling representatives an order for the two incubators involved. This order was accepted at plaintiff's place of business and shipment of the incubators made there. The conditional sales contract together with notes were set to a notary public in Chickasha, Okla., along with the bill of lading, and defendant was notified by letter to call upon said notary and to execute conditional sales contract and the notes and take up the bill of lading. This was done. The plaintiff thereafter directed the defendant to ship the used incubator to a party in Colorado and paid defendant for his services and expenses in so doing. Defendant was requested to advise plaintiff of the success he had with the incubators and if he was pleased therewith to communicate such facts to his friends. The traveling representative of the plaintiff called back once or twice and gave defendant some information relative to the proper operation of the incubators. Defendant also received through the mails a copy of a booklet containing testimonials of other users of plaintiff's incubators, one of whom was located in the northern part of the state. Upon the facts substantially as narrated, plaintiff contended that the action was purely one in interstate commerce, whereas defendant contended that the evidence raised an issue as to whether or not the plaintiff was engaged partly in intrastate business. Motion of plaintiff for directed verdict at the close of all of the evidence was overruled. The jury returned verdict in favor of defendant, and the court rendered alternative judgment in favor of defendant. Motion for new trial was overruled, and plaintiff has perfected this appeal.

As grounds for reversal of the judgment, plaintiff urges three propositions, which are as follows:

"1. The court erred in overruling plaintiff's motion for a directed verdict and in refusing to give the peremptory

instructions requested by the plaintiff.

"(a)   The contract between plaintiff and defendant and the shipment and delivery of the incubators and the entire transaction between plaintiff and defendant was one of interstate commerce and plaintiff was not doing business in Oklahoma within the meaning or in violation of article IX, sec. 43 of the Oklahoma Constitution, or sections 130, 131 and 132, Oklahoma Statutes 1931 (Title 18, secs. 452, 453 and 454, Okla. Stat. Ann.) and plaintiff could maintain its action to enforce said contract without complying with said statutes.

"(b)   There is no evidence in this record that the plaintiff ever transacted any business in Oklahoma other than the sale and delivery of the incubators to the defendant and the subsequent shipment of the old incubator taken as part of the purchase price for the incubators sold to defendant; and the Oklahoma Statutes do not prohibit a foreign corporation from the doing of a single act whether local or not, pertaining to a particular business or transaction.

"2.   The court erred in rendering judgment for the defendant on the verdict returned by the jury in the alternative for the return of the incubators, or the value thereof, in the sum of $1,320, when in fact the jury had failed and refused by its verdict to fix the value of said incubators and when no evidence had been introduced as to the value thereof.

"3.   The court erred in overruling the plaintiff's motion for new trial."

If plaintiff was not engaged in doing business in the state, it could maintain the action without compliance with the statutes (18 O. S. 1941 §§ 451-457) relative to the admission of foreign corporations to the state for the purpose of doing business therein. 18 O. S. 1941 § 456; Fruit Dispatch Co. v. Wood, 42 Okla. 79, 140 P. 1138; Fuller v. Allen, 46 Okla. 417, 148 P. 1008; Wells Co. v. V. J. Howard & Co., 50 Okla. 776, 151 P. 616. In Harrell v. Peters Cartridge Co., 36 Okla. 684, 129 P. 872, 44 L. R. A. (N.S.) 1094, it was said:

"The negotiation in one state of sales of goods which are in another state, for the purpose of their introduction into the former state, constitutes interstate commerce. Where parties in one state order goods from persons or corporations in another state, and the goods are shipped into the state, although with a draft attached to the bill of lading, the transaction is one of interstate commerce."

The fact that plaintiff sent the conditional sales contract and the notes along with the bill of lading and directed defendant to the office of a notary public to execute said contract and notes, and thereafter requested defendant to ship the used incubator to a named person in Colorado and paid defendant for his services and expenses in connection therewith, were all incidental to the interstate transaction which plaintiff had with the defendant and did not constitute doing business in the state. Barnett v. Aetna Explosives Co., 96 Okla. 132, 220 P. 874; Cooper Mfg. Co. v. Ferguson, 113 U. S. 727, 28 L. Ed. 1137, 5 S. Ct. 739; Central Life Assur. Soc. v. Tiger, 177 Okla. 108, 57 P. 2d 1182; Universal Oil Corp. et al. v. Falls Rubber Co. of Akron, Inc., 188 Okla. 401, 110 P. 2d 296. Neither would the fact that plaintiff's representative may have given defendant some advice relative to the operation of the incubators change the situation so as to bring the case within the rule announced in Watkins Co. v. Miller, 176 Okla. 20, 54 P. 2d 314; Clement v. Coon, 161 Okla. 216, 18 P. 2d 1059; International Harvester Co. of America v. Commonwealth of Kentucky, 234 U. S. 579, 34 S. Ct. 944, 58 L. Ed. 1479. We think rather that the case at bar, insofar as the facts are concerned, is within the rule announced in York v. Colley, 247 U. S. 21, 38 S. Ct. 430, 62 L. Ed. 963, 11 A.L.R. 611, which see for distinction between the lightning rod case (Browning v. Waycross, 233 U. S. 16, 34 S. Ct. 578, 58 L. Ed. 828).

The evidence in the case at bar discloses clearly that the transaction here involved was one in interstate commerce, and that all of the matters had in connection therewith were purely incidental to said transaction, and under these circumstances there was no evi-

dence to support the affirmative defense of the defendant and without which a verdict in his favor could not be sustained. Under these circumstances, the motion of plaintiff for directed verdict at the close of all of the evidence should have been granted and judgment entered. In view of this conclusion it is unnecessary to discuss the other contentions advanced by the plaintiff.

Judgment is reversed, with directions to render judgment for the plaintiff.

CORN, C. J., GIBSON, V. C. J., and OSBORN, BAYLESS, WELCH, HURST, and DAVISON, JJ., concur. RILEY and ARNOLD, JJ., absent.