**IOLA STATE BANK, a Banking Corporation, Plaintiff in Error,**

v.

**Darrell KISSEE and Wayman D. Jackson, partners doing business as Kissee Motor Company, Defendants in Error.**

No. 39036.

Supreme Court of Oklahoma.

July 5, 1961.

Toland & Thompson, Iola, Kan., and Joseph S. Thompson, Miami, for plaintiff in error.

Jack C. Brown, Miami, for defendants in error.

PER CURIAM.

The Iola State Bank, organized and existing under the Laws of Kansas, with its

place of business at Iola, Kansas, commenced its action against defendants for the collection of two checks issued by defendants who were doing business as Kissee Motor Company. The checks in question were drawn upon The Security Bank and Trust Co., of Miami, Oklahoma, and one was made payable to Stotler Motor and the other was made payable to McDonald-Stotler Motors. The petition alleged, inter alia, that both checks were deposited to the credit of Stotler Motors in the Iola State Bank on August 22, 1959, and prior to August 27, and prior to notice of protest, this credit was withdrawn by Stotler Motors by payment by plaintiff of checks drawn by Stotler Motors against its account; that on August 27, 1959, The Security Bank and Trust Co., the bank on which the checks were drawn refused to pay said checks for the reason payment had been stopped.

The petition further alleges that it took each of said checks in good faith and for value; that at the time each of said checks were paid by it, it had no notice of any infirmity in the instrument or defect in the title of the payees of said checks, nor did it have any knowledge that payment would be refused; that the plaintiff is the holder in due course for value, and notwithstanding defendant stopping payment thereof, the defendants remain liable and indebted to the plaintiff for the full amount of each check together with protest fees thereon.

The defendants filed a motion to dismiss on the grounds the plaintiff is a foreign corporation and is not licensed to transact business in Oklahoma, and that the defendants are not proper parties in that the petition contains no allegations that there was an agreement or contract between the plaintiff and defendants. In addition thereto the defendants demurred to the petition on the grounds the petition does not state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendants.

The trial court overruled the motion to dismiss but sustained the demurrer and from this action the plaintiff perfected this

appeal. The parties will be referred to as they appeared in the trial court.

We do not have the benefit of the trial court's reasoning or grounds upon which he sustained the demurrer as the order did not set forth any finding upon which the conclusion was reached, nor did the trial court file a separate memorandum giving his reasoning or the authority upon which he predicated his ruling.

In their endeavor to sustain the trial court's order, the defendants contend the plaintiff is a foreign corporation, has not complied with Art. IX, Sec. 43, of the Constitution of the State of Oklahoma, and not being duly licensed to do business in this state, does not have the right to institute and prosecute to final conclusion the instant action. In support of this contention they cite and rely on Joiner v. Ardmore Loan & Trust Co., 33 Okl. 266, 124 P. 1073. We have carefully considered this case and do not agree with the interpretation placed thereon by the defendants. In fact, we specifically held in paragraph one of the syllabus that an answer setting up as a plea in bar, the failure of the plaintiff (corporation) to comply with Art. 9, Sec. 43, of the Constitution was subject to demurrer.

The identical question raised by the defendants has been passed upon by this court numerous times and adversely to the defendants. In the case of Freemen-Sipes Co. v. Corticelli Silk Co., 34 Okl. 229, 124 P. 972, we held:

"The institution and prosecution of suits in the courts of this state by a foreign corporation is not doing business therein within the meaning of section 43, art. 9 of the Constitution, or of article 23, c. 18 (sections 1225–1227) Wilson's Rev. & Ann.St.1903."

To the same effect see J. P. Bledsoe & Son v. W. B. Young Supply Co., 44 Okl. 609, 145 P. 1125; Central Life Assurance Soc. (Mutual) v. Tiger, 177 Okl. 108, 57 P.2d 1182; Dime Savings & Trust Co. v. Humphreys, 175 Okl. 497, 53 P.2d 665; M. D. Wells Co. v. V. J. Howard & Co., 50 Okl. 776, 151 P. 616; and Mitchelson v. Com-

mercial Investment Trust, 97 Okl. 98, 222 P. 663, and cases cited therein.

■ The defendants next contend when the plaintiff accepted the checks for deposit with the endorsement "For Deposit Only" thereon, that such endorsement was restrictive, created the relationship of debtor and creditor between the plaintiff and the Stotler Motors and no privity of contract between plaintiff and defendants was alleged and consequently plaintiff could not be a holder in due course. Because of this they contend no cause of action was alleged against the defendants.

In considering this contention we find the general rule to be stated by the author in the annotation found in 59 A.L.R.2d 1181, wherein it is said:

"Although the mere crediting by a bank of the proceeds of a negotiable instrument to the account of a depositor does not generally constitute a giving of value so as to constitute the bank a holder in due course, it has almost universally been held or stated that when the bank permits its depositor to withdraw completely or otherwise employ the proceeds of the item deposited prior to receipt of any notice that payment has been stopped or that the instrument is defective, the bank has given value for the negotiable paper and is a holder in due course."

and lists thirty four states, including Oklahoma, as following this rule. The Oklahoma case cited is Alamo National Bank of San Antonio, Tex. v. Dawson Produce Co., 78 Okl. 235, 190 P. 393, wherein we held:

"Where a bank purchases a bill of exchange from the drawer before maturity, and gives the drawer credit on his deposit account in the bank for the face value of the bill, such transaction only creates the relation of debtor and creditor, and does not constitute the bank a purchaser or holder for value; but if the deposit is drawn or checked out before the bill is accepted, the bank then becomes a purchaser for value.".

In this connection see also First National Bank of Claremore v. Stallings, 74 Okl. 180, 177 P. 373; National Bank of Commerce v. Ambruster, 42 Okl. 656, 142 P. 393; and A. Morrison & Co. v. Farmers & Merchants' Bank of Los Angeles, 9 Okl. 697, 60 P. 273.

■ We therefore hold the petition of plaintiff contains allegations sufficient to state a cause of action in favor of the plaintiff and against the defendants and it was reversible error on the part of the trial court to sustain the demurrer. The cause is therefore reversed and remanded with directions to the trial court to vacate the order sustaining the demurrer, reinstate the petition, and take such other action as may be indicated.

The Court acknowledges the aid of Supernumerary Judge N. S. CORN in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in Conference, the foregoing opinion was adopted by the court.